Castle et al. *v.* Judson et al.

---

EDWARD CASTLE *et al.*, Plaintiffs in Error, *v.* WILLIAM D. JUDSON *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

To entitle a party to a default at a vacation term, under the practice act of 1853, service of the declaration and rule to plead must be made ten days before the term.

If a party shall plead, demur, or enter a motion in a cause, though filed after the rule to plead had expired, if not placed in default by order of the court, he will be in time; and the plea or motion will stand for answer or hearing.

An affidavit of merits filed with a plea need not be in the express words used in the practice act.

The four days' notice required to be given for the hearing of a motion, if the motion is not reached for hearing, will stand good for the particular matter, without a renewal of it. Pleadings will also stand for hearing from term to term in like manner.

THIS was an action of assumpsit, brought by the defendants in error, and returned to the Cook County Court of Common Pleas, at vacation term for June, 1854. The declaration was filed on the 17th of May preceding. On the sixth of June the plaintiffs in error, (defendants below,) filed a plea of the general issue, also a plea of partial failure of consideration; and, third, a like plea, alleging that the indorsees of the notes sued on the plain-

tiffs in the action below, had notice before assignment to them. To which one of the defendants below made affidavit that he had a just and legal defence to the action, to the amount of two hundred and thirty-one dollars and ninety-nine cents, which should be deducted from the said claim mentioned in said plaintiffs' declaration. On the eighth day of June, at said vacation term, on motion of the plaintiffs, the Court of Common Pleas, J. M. WILSON, Judge, presiding, ordered, that the pleas be stricken from the files for want of a sufficient affidavit of merits, and that a default be taken and entered for want of a plea; and proceeded to render judgment for the amount claimed, and for costs. The defendants below sue out this writ of error.

DeWolf and Daniels, for Plaintiffs in Error.

G. Goodrich, for Defendants in Error.

Scates, C. J. The defendants instituted this action in assumpsit, to the June vacation term of the Cook County Court of Common Pleas, and counted on a promissory note, made by plaintiffs, payable to their own order, and indorsed by them to defendants, and also upon the common counts. Plaintiffs filed three pleas: First, general issue; second, a partial failure of consideration in this, that note was given for goods bought of defendants, which they failed to deliver; and, third, a partial failure, in the non-delivery of goods bought of third persons, for which the note was given, and of which defendants had due notice.

With these pleas plaintiffs filed an affidavit of Castle, in which he states that he has "just and legal defence to the said plaintiffs' (defendants') action, to the amount of two hundred and thirty-one dollars and ninety-nine cents, (the amount set forth in the two pleas of partial failure,) and which said sum of two hundred and thirty-one dollars and ninety-nine cents should be deducted from the said claim mentioned in said plaintiffs' (defendants') declaration."

These pleas were "stricken from the files of the cause, for want of an affidavit of merits to their defence herein;" and, upon this state of facts questions are presented, involving a construction of the several provisions of the act of 12th Feb., 1853, regulating the practice in the Circuit and County Courts of Common Pleas of Cook County.

There are four other causes now before us, involving constructions of different provisions of this act. Although this record does not call for adjudication upon these several questions, yet we may find it conducive to a full and clear interpretation of

the true intention and meaning of the legislature, to notice all the objections in one connected view.

The constitutionality of the act has been challenged upon grounds, and sustained for reasons set forth more at large in *McDonnell* v. *Olwell et al.*, *ante*, p. 375. The evils intended to be remedied were the great delays in reaching and trying causes in the several courts of Cook county, having general civil jurisdiction, occasioned by the great number of collection and other suits brought in those courts, accumulating upon the dockets there under the common practice and pleading, and without vacation terms with power to enter defaults, and render judgments thereon.

The object of the act seems to be to facilitate and expedite the disposition and trial of causes brought there, so as to prevent unnecessary delay to suitors from the great accumulation of causes, upon frivolous defences, as is very manifest from the provisions of the fourth section, which authorizes "judgment, as in case of default," when the court shall adjudge a demurrer, plea or motion, to be frivolous. Acts 1853, p. 173.

We should keep this object in view in interpreting the provisions of this act, and give it a liberal interpretation to accomplish that end.

The act partially restores the common law practice, by authorizing vacation terms in which defaults may be taken, and judgments be entered. But it is modified by limiting the rights of a party to a default and judgment, to a hearing for that purpose, before the judge or court in vacation. In addition to the power to hear motions for defaults, and enter judgments thereon, and to hear demurrers and other preliminary questions to bring causes to issue, and to render judgments, as in case of default, when these are deemed frivolous, it is authorized by agreement of the parties, (Sec. 5,) to try causes and enter judgments. And for this purpose it may summon a special jury from the bystanders, (Sec. 4,) and assess damages on defaults without a jury, (Sec. 6). Yet the judge has power, by order, to cause both grand and petit juries to be summoned to such terms, (Sec. 16). There are various other provisions providing for judgment liens —chancery causes, writs of error and appeals, continuances of issues at trial terms, creditors' bills and attachments—and all seem to point to one object, and that is the disposition of all business at vacation terms, except issues at law, which are clearly designed to be made up for trial; and, if not tried by agreement, sent to the trial terms, with a preference over all other business, (Sec. 1).

Having presented this general outline of the provisions of the act, tending to establish and carry out the object assumed, we feel assured that an easy solution will be found for all the diffi-

culties raised upon the construction of the 2nd, 3rd and 14th sections, and every apparent discrepancy reconciled.

The third section has exclusive reference to vacation terms; and although any kind of action may be brought to such terms, and defaults taken at them, yet plaintiffs must serve a copy of the declaration and rule to plead as at common law, to entitle them to ask a default. The service of the declaration and rule must be made ten days before the term, like a summons.

When the party has complied with these provisions, he stands in a position to ask a default; and this would be his right, unless, before it is asked, the defendant should have taken some step to prevent it. What may that be? It is contended—and seems to have been adopted in practice—that a plea, demurrer, or motion must be filed *before* the expiration of the day named in the rule to plead; and will not be allowed or received afterwards, although filed before any motion is made for a default, or other step taken. This seems to be one step towards a literal interpretation of the statute. There is nothing in the statute to prevent the giving a rule to plead, which may expire at a subsequent day of the term, although the *service* of it with the declaration must be made ten days before the term. If so,—reading the statute literally,—the defendant must, " before the expiration of *said* ten days,"—the ten days' service before the term,—plead. This would in all cases require a plea before the commencement of the term, and before the expiration of the rule, where it fixed a day subsequent. And this literal strictness would be as applicable to all other kinds of actions as to those " founded on a contract." A strictness of interpretation and practice which may prevent delay and cut off frivolous defences, should be sustained, and is promotive of public justice. But beyond such ends, I find no reason in its support, and can foresee that much injustice and oppression may grow out of it.

Under general or special rule days, by the common practice, I have never known a plea rejected or stricken from the files, though filed after the rule expired, if done before any further step or motion in the cause. So I understand the special rule authorized by this section to be entered with service of it ten days. The defendant does not stand in default, simply by the expiration of the rule, but may at any time be put in default by order of the court, if so ordered before plea filed. This will accomplish all that is designed, as I think, and all that is desirable to prevent delay. Such are the mutual rights of the parties under this act, up to the time of moving for default.

What, then, will answer the motion and prevent a default? First, I answer, pleas of a dilatory character. It may be by plea in abatement, demurrer, or motion to quash, as enumerated in the act, or I might add, for a continuance for want of copy

Castle et al. *v.* Judson et al.

of instrument or account sued on, &c.; and secondly, it may be by plea to the merits. If these are not adjudged frivolous, they must be answered, and a default cannot be entered. All kinds of actions, as I have said, may be brought to vacation terms, defaults entered, damages assessed by a jury, (see Sec. 4,) or by the court, (see Sec. 6,) and judgments rendered, unless arrested by plea, demurrer, motion, &c., not adjudged frivolous. But in passing upon this characteristic of a plea in bar to the merits, I cannot admit an unlimited or discretionary judgment of it, as mere matter of fact or opinion. So far as the act authorizes, the court may go. To facilitate and expedite the collection of debts, the act has introduced a distinction between actions arising or founded upon contracts, and other causes of action. In the former, the plea must be supported by an affidavit " that he believes he has a good defence to said suit upon the merits." For want of this, a plea in bar may be treated as frivolous; while at the same time, a plea in abatement, demurrer, or motion to quash, will be heard and examined upon their merits before they be so adjudged. All pleas in bar, import merits in the defence; yet some, like the general issue, disclose no particular fact or ground to enable us to judge of the character of their merits. The affidavit is therefore intended to inform and satisfy the court of the existence, in truth, in fact, in good faith, of a real defence existing according to such facts as would be admissible under such a plea. Do we subserve the ends of public justice, and carry the legislative intent into effect, by adhering literally to the phraseology of the act? The legislative phrase has its equivalents in other language, and the affidavit before us is more than equivalent. I do not deem the exact language of the act indispensable. No reason exists, as in actions of slander, for holding the party to the exact words and phrases. Here the party swears he has a " just and legal defence," to the amount of $231.99, and that that sum should be deducted, for a failure of the consideration to that extent. Such a defence is equal, and, it seems to me, stronger, than the assertion merely of a " good defence " " upon the merits." This affidavit is full and sufficient under the third section, and the pleas should not have been stricken from the files. The legislature characterizes, in the 14th section, this affidavit as an " affidavit of merits " merely, " as hereinbefore provided." The supposition that the affidavit in the third section was an essential prescribed form, and not to be understood as a general provision for one of merits in any appropriate phraseology, has led to a supposed conflict of the provisions of that and the 14th section. I see no apparent conflict or discrepancy between them.

The 14th section has simply extended that provision of the third section, which requires an affidavit of merits, to the plea in all suits arising on contracts, brought to *any* term,—trial as well as vacation terms; and it may be, also, without any service of a copy of the declaration and rule to plead, as is required at vacation terms.

It amounts, in effect, simply to an emendation of the old practice at the regular terms, by requiring an affidavit of merits to a plea to the merits in suits on contracts. And doubtless with the same object—to facilitate and expedite collections, by putting all suits on contracts upon the same footing by cutting off pleas to the merits, which were without foundation in truth and fact, but wholly frivolous, and for delay merely.

Indeed, this is the most essential change in the pleadings extending to the regular trial terms. The practice is a little changed by the action of the vacation terms, disposing of most matters of form, and preparing and sending a docket of issues to the regular terms, and giving preference to jury trials. (Sec. 1.)

There is another provision of this act which I think has no reference to regular or trial terms, and that is the four days' notice to be served on a party, to enable him to take up a motion, plea, or other matter, cognizable at a vacation term. This provision has not altered the rights of parties, changed the power of the courts, or the practice at regular terms. But parties may proceed as heretofore, yet so as not to interfere with preferences given in the disposition of jury trials.

These notices are to be served four days before the term, regularly docketed and disposed of. But in case they are not reached at their return term, there is no provision requiring a repetition of a new notice for the same matter at a subsequent term. One notice, like a summons, will stand good for the particular matter. Such seems to be the sense of the proviso to the third section. If defendant file a plea in abatement, demurrer, or motion to quash, in vacation term, it shall be in order at that term, to dispose of it; if filed in vacation, it shall be so in order at the next vacation term without service of notice.

I have presented in one connected view these several provisions of the statute, because the meaning of the statute is more apparent and intelligible, taken all together. They may not be treated as *obitur dicta,* in being presented here, as they are before us in the several cases of *Iglehart* v. *Pitcher, ante,* 307 ; *McDonnell* v. *Olwell et al., ante,* 375 ; and *Cook* v. *Forrest,* and *Greenleaf* v. *Roe, post.*

Judgment reversed and cause remanded.

*Judgment reversed.*