DANIEL W. CORBIN, Plaintiff in Error, *v.* SAMUEL E. TURRILL *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Where a case is brought to a trial term of the Common Pleas Court, and there is no evidence that a declaration with a rule to plead has been served; and if, before any step is taken, a plea with affidavit of merits is filed, the defendant is in time and his plea should not be stricken from the files, and a default entered—the defendant is entitled to a trial on the merits.

This action was commenced to the February term, 1856, but service was not made at that term. Alias summons was made returnable to the April term; was served 31st March. On the 4th day of June, the general issue was filed by leave of the court, and an affidavit of merits.

No further order was taken until the 10th day of September, when the plea was stricken from the file and a default entered, and on the 12th day of September the damages were assessed by the court, and judgment rendered for $149, or thereabouts.

W. B. SCATES, for Plaintiff in Error.

HOOPER & CLEMENTS, for Defendants in Error.

BREESE, J. Taking judgment by default in this case was irregular. The action was brought to a regular trial term of the Common Pleas of Cook county, and is, of course, governed by the provisions of the act, to regulate the practice in that court, approved February 12th, 1853. 1 Purple's Stat. 322.

By section three of that act, it is provided that any party having commenced suit in said court, "shall be entitled to a default at any vacation term, upon proof of due service of process upon the defendant, and a copy of the declaration with a rule to plead at least ten days before such term, unless such defendant or the attorney of such defendant, if such defendant be a resident of such county, shall, before the expiration of said ten days, if the suit be founded on a contract, file a plea to said action, and also an affidavit setting forth that he believes he has a good defense to said suit upon the merits."

The record does not show that the provisions of this act were in any respect complied with by the plaintiff below, prior to his obtaining the default, except the proof of due service of the process. No copy of the declaration with a rule to plead was served on the defendant.

Before any step whatever was taken in the cause by the plaintiff, the defendant had filed his plea with an affidavit of merits. He was in time before any movement by the plaintiff. Sec. 14.

The court should not, under such circumstances, strike a plea, accompanied by an affidavit of merits, from the files, and default the party. *Castle et al.* v. *Judson et al.*, 17 Ill. 381.

The judgment of the Court of Common Pleas is reversed and the case remanded, with instructions to set aside the default, to restore the plea to the files and award a *venire*, or otherwise try the issue that may be presented, according to the rules and practice of that court, and the laws of this State.

*Judgment reversed.*