THE CITY OF CARLYLE

*v.*

THE CARLYLE WATER, LIGHT AND POWER COMPANY.

*Filed at Mt. Vernon January 18, 1892.*

1. MUNICIPAL INDEBTEDNESS—*providing for annual tax to pay same in twenty years—five per cent limit.* In a suit against a city to recover the contract price agreed to be paid for water-works, the city pleaded that it was indebted in the sum of $1000 other than the debt created by the contract; that the value of the taxable property within the city was $256,740; that the debt already existing against the city, together with the debt created by such contract, exceeds the sum of five per cent of said assessed value of all the property within the city; and that said city did not, before or at the time of entering into such contract, in incurring the indebtedness thereby created, provide for the collection of a direct annual tax sufficient to pay said indebtedness incurred by such contract within twenty years from the time of contracting the same, as required by section 12, of article 9, of the constitution: *Held,* that the plea was bad on demurrer.

2. Unless an indebtedness in excess of five per cent of the taxable property of a city has been created, no provision for levying an annual tax is necessary under section 12 of article 9 of the constitution.

3. SAME—*making appropriation before entering into contract for water-works.* In a suit against a city for the contract price for the construction of water-works, the defendant pleaded that the city did not make an appropriation concerning the erection of water-works within the corporate limits previous to the making and entering into the contract, as in and by section 4, article 7, chapter 24, of the Revised Statutes of this State, which is a part of the charter of said city, it is provided: *Held,* on demurrer, that the plea was clearly bad.

4. CONTRACT—*whether assignable.* A city, by ordinance, entered into a contract with a corporation for the erection of water-works, to be accepted and paid for on the completion of the same. The corporation transferred its rights under the contract to a new company, which completed the work. During the progress of the erection of the water-works the city authorities had notice of the assignment of the contract, and after the work was completed the city council ordered a test to be made, at which the assignee, the new company, was clearly recognized as the contracting party. There was evidence showing that the city used the water-works, both before and after the test, by the consent of the assignee company: *Held,* that as the city, with full notice of the,

assignment, assented thereto, the assignee might maintain an action at law against the city for a refusal to accept and pay for the works.

5.   The general rule is, that the assignee of a chose in action can only maintain a suit at law in the name of the assignor, for his use. If, however, the debtor, after notice of the assignment, expressly or by implication, agrees with the assignee to pay him the debt, the latter may sue in his own name; and the assent of the debtor or party agreeing to pay the assignee may be inferred from the acts of the parties and the circumstances of the case.

6.   Where a contract on its face shows that it is made with a corporation and "its successors and assigns," and provides for payment being made to such corporation, "its successors and assigns," it will be assignable, and the assignee may maintain an action, in equity, in his own name, or at law in that of the assignor, for the use of the assignee.

7.   Former adjudication—*suit by assignee—whether bar to suit by assignor.*   After the assignment of a contract by the Water, Light and Power Company of St. Louis, to the Water, Light and Power Company, a different corporation, the latter company brought suit on the contract in the name of the former company, for the use of the latter, and also a suit in the name of the latter.   Judgment for the defendant was rendered in both cases.   The assignee took up the suit brought in its own name and procured a reversal and remandment, and the defendant asked leave to plead the other judgment in bar:   *Held*, that the judgment against the St. Louis company was not a bar to the other suit, as that company had parted with its interest in the contract before the suit was brought in its name, and for that reason had no right to sue.

8.   Same—*leave to file plea of—within the discretion of the court.*   After the reversal of a judgment of the circuit court, and the remandment, the defendant presented to the court a plea of former adjudication, and moved the court for leave to file it, which, on objection, the court refused:   *Held*, that the motion was addressed to the discretion of the court, and was not subject to review except for an abuse of discretion.

9.   Practice—*plea in violation of stipulation—leave to file properly refused.*   Where the filing of an additional plea setting up a former adjudication would be in violation of a previous stipulation of the parties, it is the duty of the court to refuse leave to file the same.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Clinton county; the Hon. Amos Watts, Judge, presiding.

This was an action of assumpsit, by appellee, as assignee of the Water, Light and Power Company of St. Louis, Mo.,

against appellant, to recover damages for a refusal to accept and pay for certain water hydrants. The declaration consisted of one special count and the consolidated common counts. The special count set up a contract by the city of Carlyle with the Water, Light and Power Company of St. Louis, Mo., to furnish it a system of water-works, according to the terms and provisions of, and to be paid for as provided by, an ordinance of said city, which was set out at length in the count. This ordinance throughout contracts with "the Water, Light and Power Company of St. Louis, Mo., *its successors or assigns.*" It was approved October 28, 1886. The count then avers that during the progress of constructing said water-works, on, to-wit, the first day of July, 1887, the same, together with all rights, properties and interests acquired by virtue of or in pursuance to said ordinance, was, for the consideration of, to-wit, $50,000, sold and delivered by the said Water, Light and Power Company of St. Louis, Mo., to the plaintiff. Also, that it (the plaintiff) proceeded to complete a system of water-works for said city in all things in conformity with the provisions of said ordinance, of all of which the city had notice, on, to-wit, August 14, 1887. It further alleged that the defendant, after the completion of the said water-works, used the same for putting out fires in said city and for other purposes, but wholly refused to pay the plaintiff therefor, as provided and agreed upon on its part by the terms of said ordinance.

In addition to the general issue the city filed three special pleas, designated as "special amended second plea," "third special plea," and "additional or fourth plea." The first of these alleged that the city was indebted in the sum of $1000, other than the debt created by the contract; that the value of the taxable property within the corporate limits of the city was $256,740; that the debt existing against the city, together with the indebtedness created by said contract, exceeds the sum of five per cent of said assessed value of all the property

within the corporate limits of said city, and that said city did not, before or at the time of entering into said contract and incurring the indebtedness thereby created, provide for the collection of a direct annual tax sufficient to pay said indebtedness incurred by said contract within twenty years from the time of contracting the same, as in and by the provisions of section 12 of article 9 of the constitution of the State of Illinois it is provided. The second, that said city did not make an appropriation, concerning the erection of water-works within the corporate limits, previous to the making and entering into the said contract, as in and by section 4, article 7, chapter 24, of the Revised Statutes of the State of Illinois, which is a part of the charter of incorporation of said city, it is provided. And the third, that at the time of entering into the contract the said city was indebted in the sum of $1000, other than the indebtedness created by said contract; that the indebtedness created by said contract is the sum of $44,100; that the value of all taxable property within the corporate limits of said city is $256,740, and that the indebtedness existing against said city, together with the indebtedness created by said contract, is in excess of five per cent of the value of said property within the corporate limits of said city, and is in violation of section 12 of article 9 of the constitution of the State of Illinois, and is void. These are numbered second, third and fourth pleas. To each of said special pleas demurrers were sustained.

A trial was had in the circuit court of Clinton county, a jury being waived, which resulted in a judgment for the defendant for costs of the suit, from which plaintiff prosecuted an appeal to the Appellate Court for the Fourth District. The defendant there assigned as cross-errors the sustaining of demurrers to said special pleas, and the refusing of its fourth proposition of law submitted. At its August term, 1888, the Appellate Court overruled the cross-errors, and reversed the judgment of the circuit court and remanded the cause. (See

31 Ill. App. 325.) The case again came on for trial in the circuit court, at its May term, 1889, at which time the defendant presented a plea of former adjudication, and moved the court for leave to file it. Plaintiff resisted the motion, on the ground that it had been agreed by the parties, through their respective counsel, that the result of the action set up in the plea should abide the decision of the present action in the Appellate Court, in which court the appeal above mentioned was then being prosecuted. Numerous affidavits were filed by either party, those on behalf of the plaintiff showing that such an agreement had been made, and those on the part of defendant as positively denying it. The motion was overruled, and the parties again proceeded to a trial before the court, waiving a jury. The only plea on file at this trial was the general issue.

The defendant requested the court to hold as a proposition of law that "no right of action is shown in this case in the plaintiff, as assignee of the Water, Light and Power Company of St. Louis, Mo., and the plaintiff can not maintain this action in its own name," which request was refused. Judgment was entered in plaintiff's favor for $1142.60 and costs of suit. From that judgment the defendant appealed to the Appellate Court for the Fourth District, but that court affirmed the judgment below, and this appeal is from that judgment of affirmance.

Mr. EDWARD B. GREEN, and Mr. JOHN J. McGAFFIGAN, for the appellant:

As the two cases were tried together in the circuit court, and judgment rendered in them simultaneously, no opportunity was afforded appellant to file a plea of former adjudication before the reversal of the judgment in this case and its being re-docketed in the circuit court. Appellant, at the earliest opportunity, presented this plea, and asked leave of court to file it. There was no delay whatever, and it was an abuse of the discretion of the court to refuse leave to file the

·plea. *Brown* v. *Booth*, 66 Ill. 419 ; *Fisher* v. *Greene*, 95 id. 94 ;
*Milliken* v. *Jones*, 77 id. 372.

This suit is brought by appellee, as assignee of the Water,.
Light and Power Company of St. Louis, Mo., the corporation.
with which the contract was made by appellant. We contend,.
first, that the contract is not assignable, under the law, so as.
to vest the right of action in the assignee of the same; and
secondly, if assignable, no assignment is shown in this case
such as the law recognizes. *Turner* v. *Railroad Co.* 95 Ill. 134.

The word "assigns," in a contract which is not otherwise
negotiable under the law, does not make such contract nego-
tiable and assignable, so as to vest the right of action in the·
assignee in his own name. *Skinner* v. *Somes*, 14 Mass. 107.

But if the contract sued on were a negotiable instrument,.
there was no indorsement thereon by the Water, Light and
Power Company of St. Louis, Mo., which the law requires, in
order to vest the right of action in appellee in its own name..
In order to vest the right of action in the assignee of a nego-
tiable instrument in his own name, the instrument must be
assigned by indorsement on the instrument itself. See cases
above cited, and also the following : *Ryan* v. *May*, 14 Ill. 49 ;
*Fortier* v. *Darst*, 31 id. 212 ; *Badgley* v. *Votrain*, 68 id. 25.

The court erred in sustaining the demurrer to several special
pleas. *Dement* v. *Rokker*, 126 Ill. 189 ; *Springfield* v. *Edwards*,.
84 id. 626 ; *Prince* v. *Quincy*, 128 id. 443 ; *East St. Louis* v.
*Gas Light Co.* 98 id. 415 ; *Culbertson* v. *City of Fulton*, 127
id. 30 ; *Chicago* v. *Lithographing Co.* 6 Bradw. 560 ; *Chicago* v.
*Shepherd*, 8 id. 611 ; 124 Ill. 665 ; 120 U. S. 600.

Messrs. VAN HOOREBEKE & FORD, and Mr. M. P. MURRAY,.
for the appellee :

The refusal of leave to appellant to file its special plea of a
former adjudication is the only new question presented by this
record on the second appeal to the Appellate Court.

The stipulation was, that there should be no appeal taken from the judgment set out in the plea, and that it should abide the result of the appeal in this case. It was valid, proper to be made, advantageous to both parties, and the court should enforce it. *Joupin* v. *Gargnier*, 12 Ill. 79; *Coultas* v. *Green*, 43 id. 277; *Connett* v. *Chicago*, 114 id. 233; *People* v. *Quick*, 92 id. 580; *McKinley* v. *Mining Co.* 7 Bradw. 386.

We respectfully suggest that the demurrer to the pleas admit only what is well pleaded, and that each plea presents the ordinance for the consideration of the court, and that when the court reads the special count, pleas and ordinance together, it will appear that neither plea is as broad as the count which it professes to answer, and that both pleas are insufficient in this, that they leave the allegation that plaintiff furnished and defendant used water, unanswered. This is a good cause of action, whether the matter set up in the pleas be true or not. *Gas Light Co.* v. *Decatur*, 24 Ill. App. 547; *East St. Louis* v. *Gas Light Co.* 98 Ill. 427; *Prince* v. *Quincy*, 128 id. 443.

The pleas are predicated on the false theory that the rent of those forty-three hydrants for twenty-one years constitutes a present existing indebtedness and liability of $44,100, and that the whole was incurred on the 26th day of October, 1886, —the moment the ordinance was approved.

Mr. Justice Wilkin delivered the opinion of the Court:

In natural order, the first legal question presented for our decision is, did the circuit court err in refusing to hold as law applicable to the case, the proposition set out in the foregoing statement of facts. Appellant insists that the contract sued on could not be assigned so as to authorize the assignee to sue in its own name in a court of law, and if it could, there is in this record no proof that it was assigned. By the express terms of the contract, as evidenced by said city ordinance, it

was assignable. The obligation was not upon the St. Louis company alone, with which the contract was originally made, but upon its "successors and assigns." The agreement on the part of the city was not to pay that company only, but "its successors and assigns." The contract was clearly intended to be assignable by the parties. Was it assigned? The proof shows that the land on which the engine house was built was deeded by the St. Louis company to plaintiff, and that by resolutions of the directors of both companies the latter became the successor of the former. It can not be now said the proof of these facts was incompetent, because none of it was objected to upon the trial. Moreover, the declaration expressly avers that the said contract was transferred to the plaintiff by the St. Louis company and notice of that fact given to the defendant, and these allegations are not denied by any plea. We think the title passed to the plaintiff, and that it could have maintained an action, in equity, in its own name, or at law in that of the assignor, for its use.

The only question remaining, raised by the proposition, is, could plaintiff maintain this action in its own name? The general rule undoubtedly is, that the assignee of a chose in action can only maintain a suit at law in the name of the assignor, for his use. If, however, the debtor, after notice of the assignment, expressly or by implication agrees with the assignee to pay him the debt, the latter may sue in his own name. (Am. & Eng. Ency. of Law, 236.) That such is the rule where the assent is expressly given can not be questioned, and we think, on principle and authority, it should be held that such "assent may be inferred from the acts of the parties and the circumstances of the case." (2 Wharton on Contracts, 841.) In *Barger* v. *Collins*, 7 Harr. & J. 219, it is held that an assignee of a chose in action may sue in his own name, without showing an express promise by the debtor to pay him, citing authorities. Other authorities to the same effect might be cited.

There is no pretense that during the progress of the erection of the water-works the city authorities did not have notice of the assignment. After the work was, as plaintiff claimed, completed, the city council ordered a test to be made, at which the plaintiff was recognized as the contracting party. There is also evidence in the record showing that the city used the water-works, both before and after the test, by consent of the plaintiff. Aside from the fact that the contract sued on shows upon its face that both parties understood when it was entered into that it might be assigned, we think the dealings between the city authorities and the plaintiff, after the assignment was made, fully justified the circuit court in refusing to hold said proposition of law, on the ground that, with full notice of the assignment, the city assented thereto.

It is next insisted that the circuit court erred in sustaining demurrers to each of the defendant's special pleas. The record is somewhat confused, and it may well be doubted whether the ruling of the circuit court on those pleas is properly before us. There can, however, be no serious contention that either of those pleas presented a defense to the cause of action set up in the declaration. The ruling of the circuit and Appellate courts on the demurrers was clearly right, and in conformity with the decisions of this court. See opinion of PHILLIPS, J., in 31 Ill. App. 338; *East St. Louis* v. *East St. Louis Gas Light Co.* 98 Ill. 415.

It is said the first of those pleas was not passed upon by the Appellate Court, and is not affected by the decision in the *East St. Louis case, supra.* It and the third plea are, in substance, the same. The last clause of the first does not make it good, because unless an indebtedness in excess of five per cent of the taxable property has been created, no provision by levying a tax to pay it is necessary. The plea fails to show such indebtedness.

It is next insisted that the circuit court erred in overruling the defendant's motion for leave to file the plea of former ad-

judication.   We do not think so.   It is conceded that it was discretionary with the court to allow or refuse leave to file the plea at the time it was presented, but it is urged that to refuse it was such an abuse of that discretion as should reverse the judgment below.   There was no arbitrary action of the court on the motion, as contended by counsel for appellant.   If the agreement insisted upon by the plaintiff in resistance of the leave in fact existed, it was clearly the duty of the court to refuse it.   The manner in which that question was submitted to the court was doubtless unusual, but it was done without objection.   Both parties seem to have assented to that method of presenting the issue, and each filed affidavits in support of its contention as to the facts.   There was certainly enough in those filed on behalf of the plaintiff to justify the conclusion that the agreement was made, and that plaintiff had acted upon it.   Manifestly, the court so found, and it was therefore fully justifiable in refusing to allow the defendant to file the plea in violation of its stipulation.   The order of May 16, 1889, setting aside all former orders entered as to that plea, vacated the order allowing it to be filed.   The court so treated it, and so did both parties.   It also appears, as stated in the last opinion of the Appellate Court, by GREEN, J., that "the former recovery pleaded, was a judgment for costs against the Water, Light and Power Company of St. Louis, in a suit brought by it for the use of appellee, against appellant, for the same causes of action sued for in the present case.   But the record discloses the fact that long before and at the time the St. Louis company brought that suit, it had sold and conveyed the water-works plant, and assigned the contract and franchise to appellee and put it in possession of the entire works, and had no right to recover, or maintain a suit for the recovery of the water rents, or any part thereof, hence the judgment pleaded might well have gone against the St. Louis company and yet plaintiff not be thereby estopped or barred of its right to sue for and recover upon the same causes of

action. If this is so, it follows the defense set up by that plea would have been no bar, and refusing permission to interpose worked no injury."

We are satisfied that substantial justice is done between these parties by the judgment of the circuit court, and that no reversible error was committed upon the trial.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*