(Nos. 12692-12693.—Judgments affirmed.)

GILES S. FARMER, Trustee, *et al.* Appellees, *vs.* MARY E. FOWLER *et al.* Appellants.

*Opinion filed June 18, 1919.*

1. PRACTICE—*counsel must base argument in Supreme Court on matters found in record.* The Supreme Court is bound to try a case on the record and not on statements made outside of the record by counsel for either side, and it is improper for counsel to attempt to base their argument in any case upon matters not found in the record.

2. SAME—*general rule where party files pleading after time has expired.* Where the time for pleading has expired and a party has filed a pleading without leave of court and without the consent of the adverse party the filing thereof is an irregularity, which, if not waived, renders the pleading liable, at the discretion of the court, to be stricken on motion or to be treated as a nullity. (*Walter Cabinet Co.* v. *Russell,* 250 Ill. 416, followed.)

3. SAME—*general rule as to time for filing pleadings.* The time when pleadings must be filed is usually regulated in each jurisdiction by statute or a rule of court and may be extended by the court in its discretion, on good cause shown, but if the time is not fixed by statute or rule the pleading must be filed within a reasonable time, and what is a reasonable time is a question addressed to the discretion of the court.

4. SAME—*rules of practice should not impede administration of justice.* Rules of pleading and practice should facilitate getting at the real facts in a legal proceeding in an orderly manner, and should promote, and not impede, the administration of justice.

5. SAME—*parties asking for extension of time to plead should show good reason therefor.* Persons who ask for an extension of the time set for the filing of pleadings should show some good reason for such request, and the court, in its discretion, may require in support of such motion for extension, an affidavit setting out the reasons.

6. SAME—*discretion of court in setting aside default judgment or giving time to plead is not reviewable except for abuse.* The setting aside of a default judgment or giving time to plead is within the discretion of the trial court and is not reviewable on appeal except for abuse of discretion.

7. SAME—*when it is not material whether trial court violated its rules in not requiring notice before striking answer.* The purpose of a rule of court requiring the giving of notice of the making of a motion is to give both parties a hearing before the court

enters an order; and it is immaterial, on appeal, whether the trial court violated such rule in not requiring notice before striking an answer from the files, where a hearing on the merits of the question was had on a motion to set aside the order and for leave to re-file the answer.

8. SOLICITORS' FEES—*who is competent to testify as to amount of fees.* In a foreclosure proceeding a witness who had formerly been master in chancery in the county in which the suit is brought is competent to testify, from an examination of the files of the foreclosure suit and the knowledge acquired from his office, as to the usual and customary amount charged for such work as was done by the complainants' solicitors.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hons. C. C. EDWARDS, and R. K. WELSH, Judges, presiding.

S. H. BLOCK, for appellants.

COOKE, POPE & POPE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Lake county to foreclose a trust deed given by appellants to Giles S. Farmer, trustee, to secure a note for $3500. Another bill was filed in the same court to foreclose another trust deed for $3700, secured on other real estate in said county, the parties to both proceedings being the same. After the pleadings were settled in both these cases they were referred to a master in chancery to take proof, and the master reported recommending the foreclosure of both trust deeds. From each of these decrees an appeal was taken to the Appellate Court for the Second District and both decrees were affirmed. The Appellate Court granted a certificate of importance, and both cases have been brought to this court on appeal.

The same material facts and legal questions being involved in both cases, the two causes have been consolidated here on motion and heard as one cause. For convenience

we shall consider the consolidated cases as if they were only one foreclosure proceeding.

Appellee the Security Savings Bank was the owner of the notes, and its president, Giles S. Farmer, was named as trustee in the trust deeds. The bills were filed at the March term of the Lake county circuit court. Appellants appeared by counsel on the first day of the term and obtained leave to plead within ten days. The day after said ten days had elapsed appellants filed answers denying that they made the notes and trust deeds. This denial was in short form, with no attempt to explain the situation. Two days thereafter, March 16, the appellees' solicitor appeared before the court without any previous notice to appellants or their solicitor and without the presence of either in court and moved the court to strike the answers from the files on the ground that they were not filed within the ten days. The motion was allowed and the answers stricken from the files, and an order was thereupon entered defaulting appellants and referring the cause to a master in chancery. On March 19, 1918, appellants by their solicitor appeared before the court, having theretofore served notice upon opposing counsel, and moved to set aside and vacate the order of March 16, which struck the answers from the files and ordered default and reference. This motion, after hearing and argument, was denied and the cause then proceeded to be heard before the master in chancery, testimony being taken and a report being thereafter made by the master recommending a decree of foreclosure and the allowance of solicitors' fees for appellees. Objections were filed to the master's report, which were overruled, and appellants thereafter appeared before the chancellor in the circuit court and filed exceptions, which were also overruled and decree entered in accordance with the master's report, including the amount due as solicitors' fees to be taxed as costs.

Appellants made no attempt to show the trial court any reason why the answer was not filed in time or that they

had a meritorious defense, but contended there, as they do here, that having filed their answer before the default was taken it was legally filed, though a day after the time granted in which to file it. The controlling question, it is conceded by both parties, is, therefore, whether under proper practice an answer can, as a matter of right and of course, be filed after the expiration of the time given in which to file said answer.

We find in the briefs considerable discussion as to whether or not any statements were made on the hearing of the motion to set aside the order in the circuit court as to why the answer had not been filed in time, and whether the trial court, in ruling that it would not set aside the order striking the answer, stated that it would not allow it to be re-filed without the filing of an affidavit by appellants showing that the defense in said answer was made in good faith. Counsel for appellees contend that such statements were made by the trial judge, while counsel for appellants insists that no such statements were made. Counsel for appellants is correct in saying that the record shows nothing as to any statements being made by counsel or the court as to the merits of the defense on the hearing as to setting aside the order striking the answer. It needs no citation of authority to show that this court is bound to try this case on the record and not on statements made outside of the record by counsel for either side. It is improper for counsel to attempt to base their argument in any case upon matters not found in the record, and we shall not consider any such statements in the consideration of this cause.

The general rule seems to be that where the time for pleading has expired and the party has filed a pleading without leave of court and without the consent of the adverse party the filing thereof is an irregularity, which, if not waived, renders the pleading liable, at the discretion of the court, to be struck out on motion or to be disregarded or treated as a nullity. (21 Ency. of Pl. & Pr. 708, and

288 – 32

authorities there cited.) The time when pleadings must be filed is a matter which is usually regulated in each jurisdiction by statute or rule of court. If the time is not fixed by statute or rule the pleading must be filed within a reasonable time, and what is reasonable is a question addressed to the discretion of the court. Such a statute or rule is clearly directory, and the time limited may be extended by the court within its discretion, good cause being shown, but unless done with the court's consent a pleading is filed too late if filed after the expiration of the time prescribed by statute or rule and it may be stricken out or set aside. (31 Cyc. 597, and cited cases.) In *Dunn* v. *Keegin,* 3 Scam. 292, this court said, in substance, that the general and correct practice is to consider that a pleading was filed in time if filed before the motion for default was entered, rather than to consider that it must be filed within the time limited by the order. For expressions somewhat similar in effect, see *Castle* v. *Judson,* 17 Ill. 381, and *Cook* v. *Forest,* 18 id. 581. In *Robb* v. *Bostwick,* 4 Scam. 115, the court said (p. 116) : "The plea of the defendant interposed no obstacle to the exercise of this authority. It was filed by the defendant without having previously obtained leave of the court for that purpose and should have been stricken from the files of the court, after which there could have been no objection to rendering a judgment at that term." In *Flanders* v. *Whittaker,* 13 Ill. 707, the court held that the defendant had no right to plead, after the expiration of the rule, without special leave of court, and that a plea so filed might be disregarded. The seeming conflict between *Robb* v. *Bostwick, supra, Castle* v. *Judson, supra, Flanders* v. *Whittaker, supra,* and *Cook* v. *Forest, supra,* does not appear to have been referred to in any way by the later decisions. In the quite recent case of *Walter Cabinet Co.* v. *Russell,* 250 Ill. 416, the court said (p. 419) : "After the expiration of the rule the defendant had no right to plead without special leave of the court, and neither the

court nor the plaintiff was required to recognize in any way the statement of claim thus placed among the papers in the cause without authority of law,"—citing in support of this conclusion *Robb* v. *Bostwick, supra, Flanders* v. *Whittaker, supra,* and *Davis* v. *Lang,* 153 Ill. 175. Here, again, the court in no way referred to the former decision of *Castle* v. *Judson, supra,* or *Cook* v. *Forest, supra.* Section 44 of the present Practice act provides that "on the appearance of the defendant or defendants, the court may allow such time to plead as may be deemed reasonable and necessary." Section 27 of the Practice act of 1872 contains a similar provision, as did section 14 of the Practice act of 1845, (Laws of 1845, p. 415,) as also section 11 of the Practice act of 1833, (Laws of 1833, p. 489,) and section 11 of the Practice act of 1827. (Laws of 1827, p. 313.)

It is most earnestly argued that the decision in the case of *Walter Cabinet Co:* v. *Russell, supra,* cannot be held as necessarily overruling the holdings of this court in *Castle* v. *Judson, supra,* and *Cook* v. *Forest, supra,* as the last decision was rendered in construing the special provisions of the Municipal Court act of the city of Chicago, and the practice under that act differs in many respects from ordinary practice in the common law courts of the State, and that therefore it was not necessary to refer in any way to the rule laid down in *Castle* v. *Judson, supra,* or *Cook* v. *Forest, supra.* The same argument might be made with like force with reference to the seeming contradiction between the earlier decisions of this court in *Dunn* v. *Keegin, supra, Robb* v. *Bostwick, supra, Flanders* v. *Whittaker, supra, Castle* v. *Judson, supra,* and *Cook* v. *Forest, supra,* as some of these earlier decisions were plainly rendered with reference to orders entered in vacation under the special statutes then in force. The time when a reply must be filed is, as has been said, usually fixed by statute or rule of court, but these statutes and rules should be given a liberal construction in the interest of justice, and such a practice should

doubtless be encouraged by the court so far as is consistent with the prompt and efficient dispatch of the business of the courts. (*Dunn* v. *Keegin, supra.*) Rules of pleading and practice should facilitate getting at the real facts in a legal proceeding in an orderly manner and should promote and not impede the administration of justice. In our judgment the correct rule was laid down by this court in *Walter Cabinet Co.* v. *Russell, supra,* both as to our general Practice act and the Municipal Court Practice act, that after the expiration of the rule to plead the defendant has no right to plead without leave of court, and while the court could during the term, on good cause shown, rule liberally in favor of allowing pleadings to be filed in order to hear and decide the case on the merits, the persons who ask for such extension of time are asking it as a favor and should ordinarily be expected to show some good reason for such request. Courts very generally exercise their discretion in such matters by requiring, in support of such motion, an affidavit setting out such reasons. (31 Cyc. 374; see, also, *City of Carlyle* v. *Carlyle Water, Light and Power Co.* 140 Ill. 445; *Anderson Transfer Co.* v. *Fuller,* 174 id. 221.) The setting aside of a default judgment, or giving time to plead, is within the sound discretion of the court and not reviewable on appeal except for abuse of discretion. *Culver* v. *Hide and Leather Bank,* 78 Ill. 625; *Anderson Transfer Co.* v. *Fuller, supra;* 21 Ency. of Pl. & Pr. 708, and authorities cited in notes.

In our judgment the answer of appellants was rightly stricken as being filed after the rule had expired, and in moving to set aside such order appellants were asking a favor and not demanding a right, and therefore they were only entitled to its allowance in the sound discretion of the trial court. As they made no showing why they were late in filing such answer or that they were acting in good faith in asking to have the order set aside striking the answer from the files, there is nothing in this record to show that

it would promote the ends of justice for this court to interfere with the discretion of the trial court in refusing to set aside such order. Surely, if appellants were acting in good faith it would have been a very simple matter to make a showing to that effect. Not having done so, we cannot say that the trial court abused its discretion in refusing to set aside said order.

Counsel argues at considerable length that the trial court disregarded one of its rules as to notices of motions when the answer was stricken from the files. The purpose of such a rule is to give both parties a hearing before the court enters an order. They had such a hearing upon the merits of the question, so far as presented in the record, on their motion and request to set aside the order and for leave to re-file their answer. We agree with the conclusion of the Appellate Court on this point, that whether the trial court violated its own rules in not requiring notice before striking the answer from the files is therefore immaterial.

Counsel for appellants also argues that the trial court erred in allowing solicitors' fees of $350 and $400, respectively, in these cases. The objections and exceptions relied upon before the master and court were limited to the fact that the witness who testified as to the solicitors' fees had no information as to the work actually done by complainants' solicitors except what he could judge from an examination of the files. There can be no question as to the competency of the witness. He had been a master in chancery of that court, and we assume was competent to judge, from the knowledge so obtained, what would be the usual and customary fee in that county for the work so indicated. We see no reason why the decree of the court should be reversed on this ground.

The judgment of the Appellate Court will be affirmed in each of these cases.     *Judgments affirmed.*