TIMOTHY DUNN, impleaded, &c., plaintiff in error, *v.* PATRICK KEEGIN, defendant in error.

*Error to St. Clair.*

Although a plea, answer, or demurrer may be filed under a general rule to answer by a certain day in term, yet it may well be doubted whether such ought to be the construction of an order, or agreement on the record, giving time to file an answer by a certain day in vacation. But this is a matter addressed to the sound discretion of the Court.

*Semble,* That under a general rule to answer by a certain day, a plea, answer, or demurrer may be filed at any time before default is taken.

The rule is inflexible in chancery proceedings, that a plea of matters *in pais,* and pleas in bar of matters *in pais,* must be filed on oath.

A motion to set aside a default for not filing an answer in chancery, should be based upon affidavit, setting forth clearly and specifically the reasons for setting it aside, and be accompanied by an answer, and offer to file the same.

Where a party in chancery desires to raise the question in the Supreme Court, whether the testimony was sufficient to sustain the decree, he should preserve the testimony upon the record.

A defendant, after appearance, cannot object to the insufficiency or want of service of process.

THE proceedings in this cause were had in the Court below, before the Hon. Sidney Breese.

JAMES SHIELDS and J. C. CONKLING, for the plaintiff in error, cited 2 Scam. 366, 387, 390–391; Eq. Cas. Abr. 80 (5); 2 Willes 464; 3 Paige 566; 1 Smith's Chanc. Pract. 230; 3 Johns. Ch. R. 415; 5 Paige 165; Lube's Eq. 33, 186; 2 Arch. Pract. 263; 1 Cooke 190; 2 Bibb. 572.

LYMAN TRUMBULL, for the defendant in error.

DOUGLASS, Justice, delivered the opinion of the Court:

The complainant filed his bill *in chancery* in the St. Clair Circuit Court, at the February term, 1840, against the defendants below, for a settlement of partnership accounts. The usual subpœna in chancery was issued against the defendants, and returned with the following endorsement thereon:

"On the 26th day of December, 1839, I served the within sub-pœna on Timothy Dunn and William Doorley, by leaving them a true copy of the within.

"S. B. Chandler, Sheriff St. C. Co."

On the 15th of February, 1840, the following entry was made upon the record:

"This day came the defendants, by Shields and Koerner, and file their affidavit for a rule to give security for costs. Ordered, that the complainant show cause, by Wednesday morning, why security for costs should not be given."

Security for costs having been given on the 22d day of February, 1840, Dunn and Doorley, two of said defendants, filed their general demurrer to said complainant's bill, and on the same day the following order was entered:

"Patrick Keegin v. Timothy Dunn, Matthew D. Winn, and
William Doorley.

"And now at this day comes the complainant, by George T. M. Davis, his solicitor, and the said defendants, by Shields and Koerner, their solicitors, and withdrew the demurrer filed in this cause, and, on motion of the defendants, time is given them to answer said bill of complaint until the first day of June next; and in default of an answer being filed on said first day of June next, by the defendants, said bill of complaint to be taken *pro confesso*, and the default of the defendants entered."

The next entry upon the record is on the 18th day of August, 1840, at which time Dunn, one of said defendants, appeared and filed his plea in bar, not verified by affidavit, nor supported by answer to the matters and things charged in said bill, averring "that before the filing of complainant's bill, to wit, on or about the 20th day of March, 1839, at the county of St. Clair, &c., the said Patrick Keegin and said defendant Timothy Dunn, had a full, complete, and final settlement of all the transactions, contracts, and accounts then, and up to that time, existing and standing between them, which are the same transactions, contracts, and accounts mentioned in the said complainant's bill."

On the same day, Doorley, one of the other defendants, filed his separate answer, and the other defendant, Winn, filed his general demurrer to said bill, and the complainant, by his solicitor, moved to strike the said plea of Dunn from the files, and take the bill as confessed, as to said Dunn, and filed the following reasons in support of his motion:

*First.* Because the said defendant, Dunn, was under a rule to answer said bill;

*Second.* Because the said plea is not put in under the oath of said defendant, as required by the practice of this Court;

*Third.* Because said plea does not contain any matter in bar of the relief prayed by said bill;

*Fourth.* Because said plea is insufficient in form and in substance;

*Fifth.* Because the said plea is not supported by answer as to the fraud of said defendant;

*Sixth.* Because the said plea purports to be a settlement between the defendant, Dunn, and the said complainant, when the bill alleges the partnership to have existed between complainant, Dunn, and Winn.

On the 19th of August, 1840, the complainant filed exceptions to the answer of Doorley, and asked to take the bill as confessed, as to Dunn and Winn, and on the next day, the exceptions to Doorley's answer were set down for argument, at the next term, and the default of Dunn entered, and the bill taken as confessed, as to him.

On the 22d of August, the complainant filed his joinder to the demurrer of Winn.

These were the only steps taken in the cause until the November term, 1840, when the following entry was made:

"This day comes the complainant, by his said counsel, and moves the Court to set aside the default against T. Dunn."

The cause stood in this situation until the 10th of April, 1841, when Dunn renewed his motion to set aside the default; but the record does not show that any affidavit was filed upon which to predicate the motion, either at the November term, 1840, or the April term, 1841.

On the 10th of April, 1841, the parties again appeared, and argued the demurrer of the said Winn, which was overruled, and the said defendant ruled to answer said bill by the 19th of April, 1841, and in default thereof, said bill to be taken as confessed, as to said Winn. On the said 19th of April, the parties again appeared, and argued the motion of Dunn to set aside the default as to him, and let his plea stand for an answer, which motion was overruled by the Court. On the 24th of April, 1841, the bill was taken *pro confesso* as to Winn, for want of answer, in pursuance of the rule requiring him to answer by the 19th of said month, and the cause was set down for final hearing upon bill and exhibits only, on the first Saturday of the next term.

No further proceedings were had in the cause until the September term, 1841, to wit, on the eleventh day of the month, and the first Saturday of the term, being the day on which the cause was set for final hearing, when the Court proceeded to hear and determine the cause, and render a final decree against the said Dunn and Winn, and dismiss the bill as to the said Doorley.

Afterwards, to wit, on the 18th day of September, 1841, the said Timothy Dunn again appeared and moved the Court to set aside the decree rendered against him, and to allow him to file a full,

complete, and perfect answer to said bill of complaint, and filed an affidavit in support of his motion, which motion the Court, after hearing the argument of counsel, and being fully advised of, and concerning the premises, denied.

The foregoing, it is believed, contains a full and accurate statement of the various proceedings in this cause, upon which the following errors have been assigned by Dunn, who alone prosecutes the writ of error:

*First.* The Court erred in ordering the bill to be taken as confessed;

*Second.* The Court erred in taking the bill for confessed, when plea was filed before the calling of the cause, or before default taken;

*Third.* The Court erred in making a decree against Dunn;

*Fourth.* Because the return of service on the writ or subpœna was insufficient to authorize a decree against Dunn.

The first and second assignments of error are understood to relate to the same point, and will therefore be considered together. At the February term, 1840, Dunn and Doorley withdrew the demurrer which they had previously filed, and, on their motion, time was given them to answer by the 1st day of June next thereafter, and in default of filing such answer on the said 1st day of June, their default was to be entered, and the bill taken *pro confesso.* This entry does not appear like an ordinary rule to plead, answer, or demur, by a certain day, according to the usual course of chancery proceedings; but is in the nature of a stipulation between the parties, with the acquiescence of the Court, made at the suggestion of the defendants, and for their benefit, that they should have the time of answering extended until the 1st day of June, upon the condition, that if they did not answer on or before that day, the bill should be taken as confessed. They did not answer, or take any steps in the cause, until the 18th day of August, and then filed a plea in bar, insisting that the filing of this plea was a sufficient compliance with the order of the previous term; that that order was the usual and ordinary rule to answer, and that such rule was understood and held by courts of chancery to include an answer, plea, or demurrer; and, secondly, it is insisted, that it is perfectly immaterial whether the plea was filed on the 1st day of June, or the 18th day of August, inasmuch as it was filed before a motion was made for a default. Such we apprehend is the usual and correct practice in the case of an ordinary rule to answer. Such order is understood to mean a rule to plead, answer, or demur, the same as the rule to plead on the common law side of the Court includes a demurrer as well as a plea. It is the general practice also to consider such plea, answer, or demurrer, in due time, if filed before the default is asked for. A liberal practice in this respect has generally obtained, and is encouraged by the courts, so far as is consistent with a prompt and efficient despatch

of business. But these rules and this practice have no application to the question under consideration. In this case the defendants, at the February term, 1840, entered a stipulation on the records, that in consideration of having time allowed them to answer by the 1st day of June, they would agree, that in default of their answer's being filed on that day, the bill should be taken as confessed. The time was material in this arrangement, because, if the answer had been filed on the 1st day of June, the complainant could have filed his replication, taken his depositions, and been ready for a final hearing at the August term. These considerations are important, and usually enter into the very essence of an arrangement by which time is given to file an answer in a chancery cause, on a certain day in vacation. Although you may plead, answer, or demur, under a general rule to answer by a certain day in term time, yet it may well be doubted whether such ought to be the construction of an order, or agreement on the record, giving time to file an answer by a certain day in vacation.

The reason of this distinction is obvious to those familiar with proceedings in courts of chancery. When a rule is taken to answer by a certain day in term time, the object is to compel the defendant to disclose upon what grounds he intends to rest his defence ; whether it is by demurring to the bill, and thereby admitting the truth of the facts alleged, but denying their sufficiency to entitle the complainant to recover; or by pleading some fact upon which the whole defence may depend, and thereby avoid the necessity of a discovery by answer; or by filing a full, complete, and perfect answer to all the allegations in the bill. Such is the object and office of an ordinary rule to answer by a certain time in term. But an order extending the time to answer to a certain day in vacation, is based upon an entire different principle, and contemplates a different object. The time is extended usually upon the supposition that the bill demands a long, tedious, and minute answer, requiring more time for preparation than counsel would have leisure to devote during the hurry and pressure of business in term time. This being the ground upon which time to answer is ordinarily asked for and allowed, it would seem to be unreasonable and unjust to allow the defendant to come in at the next term, and file a plea or demurrer to the bill, as a matter of course, which might have been prepared, in five minutes, at the previous term.

The fact of filing a plea or demurrer at the second term, without showing sufficient cause why it had not been filed previous to the extension of time to answer, would show that the time had been extended unnecessarily, and therefore improperly. These considerations create serious doubts in our minds, of the propriety of allowing a plea or demurrer to be filed in a case where time has been given to a certain day in vacation, to answer, except upon good and sufficient cause shown. It is a matter, however, ad-

dressed to the sound discretion of the Court, to be exercised for the purpose of promoting, and not defeating, the ends of justice.

There is another reason which is conclusive why the first and second errors are not well assigned. The plea in this case avers a settlement between the complainant and the defendant Dunn, and relies upon the alleged settlement as a bar of the relief sought. The plea not having been verified by affidavit, it is unnecessary to enquire into the sufficiency of the facts pleaded to constitute a valid defence. The rule is inflexible in chancery proceedings, that a plea of matters *in pais*, and pleas in bar of matters *in pais*, must be filed on oath. (1)

The Court below decided correctly, therefore, in striking this plea from the files, and there being no answer in pursuance of the order made at the February term, 1840, the default was properly entered, and the bill taken *pro confesso*. It is insisted that, even admitting that the default was correctly entered at the August term, the Court should have set it aside at the November term, 1840, or at the April term, 1841, on the motion of Dunn, no final decree having yet been rendered. Whether the Court below should or should not have set aside the default, depended upon the facts before that Court, of which we have no means of judging. The record shows no reasons for setting aside the default, at any time before the final decree. It merely shows that the motion was made and overruled, but contains no affidavit, nor does it state that the motion was predicated upon affidavit. The motion should have been founded upon an affidavit setting forth clearly and specifically the reasons for setting aside the default, and accompanied by an answer, and an offer to file the same. In the absence of such affidavit and answer, the Court below correctly overruled the motion. The decision of the Court below in overruling the motion to set aside the final decree, is not assigned for error in express terms, and cannot be construed as coming fairly within any of the assignments. Upon this point it is sufficient to remark, that a court ought not to be expected to set aside a final decree in a cause, and give leave to answer the bill, unless the affidavit was accompanied by the answer proposed to be filed, so that the court could see that it was full, complete, and pertinent. Although Dunn, in his affidavit, asked leave to file a full, complete, and perfect answer, yet it does not appear that he had prepared an answer, and exhibited it to the Court, for its judgment of its sufficiency and relevancy. Surely the Court could not be expected, after a lapse of five terms from the time the answer should have been filed, to set aside a final decree, and then give time to prepare and file an answer.

The third assignment of error questions the correctness of the decree against Dunn, in general terms, but does not point out wherein the error consists, nor does the record furnish the means

(1) 1 Smith's Chan. Pract. 231.

of remedying it, if it be erroneous. The record merely shows the bill and exhibits. The testimony is not preserved by bill of exceptions or otherwise. When a bill is taken *pro confesso*, the Court is authorized, in its discretion, to render a decree on the bill and exhibits, or may require the complainant to produce documents and witnesses to prove the allegations of his bill, or may examine the complainant himself, on oath, touching the facts therein alleged. (1)

Whether the decree in this case was rendered on the bill and exhibits, on the examination of documents and witnesses, or of the complainant himself, we have no means of knowing, except the statement in the decree, which recites that the Court having heard evidence in support of the truth of the allegations in the bill, and being sufficiently advised of and concerning the premises, &c., proceeds to pronounce the decree.

If the defendant desired to raise the question in this Court, whether the testimony was sufficient to sustain the decree, he should have preserved that testimony upon the record. Not having done so, he cannot now avail himself of the objection.

The fourth and last error assigned is, that the return on the subpœna was insufficient to authorize a decree against Dunn. As to this stage of the proceedings, it is immaterial whether the return was sufficient or not, or whether there was any service on Dunn or not. He having appeared and ruled the complainant to give security for costs, and demurred to his bill, and withdrew his demurrer, filed a plea in bar, moved twice to set aside a default, and once to set aside the final decree, is estopped from assigning for error the insufficiency of the return on the subpœna.

The decree is affirmed with costs.

*Decree affirmed.*