Isaac Cook, Appellant, *v.* Henry L. Forest, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A defendant in the Common Pleas Court may plead at any time before default is asked; a default cannot be taken out of term.

The record shows that summons was issued at the suit of Forest against Cook, May 9, 1854, and returned on July 5th, 1854, as having been served on May 12, 1854. A declaration was filed on the day the summons issued, and rule was entered requiring the defendant below to plead within ten days after service of a copy of the declaration. A copy of the declaration was served with the summons. On June 5th, Cook filed his plea, verified by oath as required by section 3, of statutes of 1853, page 173. And also gave notice of special matters constituting a good defense.

On June 30th, plaintiff's attorney moved the court to strike the plea and notice from the file, because not filed within ten days after service of summons and with copy, declaration and rule to plead.

The motion was sustained, and judgment was entered against the defendant by default.

HENRY FRINK, for Appellant.

H. B. HURD, for Appellee.

SCATES, C. J. The summons issued May 9th, returnable to June vacation term, and a rule was entered to plead within ten days after service of summons and copies. Services were made May 12th. The rule given in this case expired May 23d, and before the commencement of the return term.

We are not prepared to say that such a rule day may not be fixed before the term, as we have intimated it may after the commencement of the term, in *Hatch et al.* v. *Judson et al.*, 17 Ill. R. 381. Yet, in such case, a literal service, ten days before the commencement of the term, might not give ten days' notice before pleading, which, we think, was intended. But this might be of little consequence practically, as the plaintiff cannot take a vacation default as at common law, but must await the convening of the court, at the vacation term, when defendant will have had his ten days' notice for preparation to plead, by the services, ten days before the term. The expiration of the rule, in vacation, may make no practical difference to defendant's rights, as that will not put him in default, and he may plead at any time before default is asked. The plea and affidavit in this case being made June 5th, were in due time, the defendant not moving for default until the 30th of that month.

I have discussed this question more at length in the case above cited, and there laid down the rule I think demanded in practice by the act of 1853.

Judgment reversed and cause remanded for replication.

*Judgment reversed.*