Fergus et al. v. Cleveland Paper Co.

---

## ROBERT FERGUS ET AL.

### v.

## THE CLEVELAND PAPER COMPANY.

PRACTICE—AFFIDAVIT OF MERITS—PLEA DENYING JOINT LIABILITY.—
Appellants, being sued as copartners, with their plea of the general issue, filed pleas, verified by affidavit, denying a joint liability. On motion, these pleas were stricken from the files for want of an affidavit of merits, and judgment rendered for the plaintiff as by default. *Held*, that the affidavits verifying the pleas denying a joint liability showed a defense to the entire cause of action, and were a sufficient compliance with the statute requiring defendants to file an affidavit of merits with their pleas.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. J. D. ADAIR, for appellant; that the affidavit was sufficient, and the court erred in striking the pleas from the files,

cited Rev. Stat. 1877, 738, §§ 29, 36; 37; 1 Gross' Stat. 270, § 12; 2 Gross' Stat. 288, § 123; Bank of North America v. C. D. & V. R. R. Co. 82 Ill. 493; Harrison v. Willett, 79 Ill. 482.

Messrs. CONGER & GORTON, for appellee; that the affidavit should state that the defendant believes he has a good defense to the suit upon the merits, to the whole or a portion of plaintiffs' demand, cited Rev. Stat. 1877, 739, § 37; Filkins v. Byrne, 72 Ill. 101; Bank of Chicago v. Hull, 74 Ill. 106; Honore v. Home Nat. Bank, 80 Ill. 489.

Where plaintiff has filed an affidavit of his claim, the defendant must file an affidavit of merits with his plea: Rev. Stat. 1874, 779, § 37.

The language of the affidavit and of the statute are in no sense equivalent: Bank of North America v. C. D. & V. R. R. Co. 82 Ill. 493.

BAILEY, J.   This is a suit in assumpsit, brought by the Cleveland Paper Company against Robert Fergus and four others, upon an account for goods, wares, merchandise etc.   In the declaration, the plaintiff seeks to charge the defendants jointly as co-partners, doing business under the name of The Fergus Printing Company.   With the declaration, the plaintiff filed an affidavit in accordance with the provisions of section 36 of the Practice Act, showing the nature of its demand, the amount due thereon, etc.   Each of the defendants appeared and plead non assumpsit, and also filed a special plea verified by affidavit, denying his joint liability with the other defendants upon the promises and undertakings set out in the declaration.   No other affidavit of merits being filed, on motion of the plaintiff, the pleas were stricken from the files, and judgment rendered against the defendants by default for $411.84.   The errors assigned call in question the decision of the court, striking the pleas from the files and rendering judgment by default.

It is provided by section 36 of the Practice Act, that if any plaintiff in any suit upon a contract express or implied, for the payment of money, shall file with his declaration an affidavit, showing the nature of his demand, and the amount due him

Fergus et al. v. Cleveland Paper Co.

from the defendant, after allowing to the defendant all just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant shall file with his plea an affidavit, stating that he verily believes he has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount according to the best of his judgment and belief.

The only question to be considered, is whether the defendants' affidavits verifying their pleas, denying joint liability, are a substantial compliance with the provisions of the statute. The language of the affidavits is manifestly different from that employed by the statute, yet we think the facts stated are broader, and more than an equivalent to those required by the statute. The pleas denying joint liability, if true, are a defense to the entire suit, and the affidavits verifying the pleas, state in substance absolutely, and not upon the defendant's belief merely, that they have such defense to the entire suit. The statute does not require the nature of the defense to be set out in the affidavit. These sworn pleas however, not only show the existence of a defense, but indicate its precise nature.

Very considerable warrant for the view we have taken, may be derived from the decision of the Supreme Court in Bank of North America v. Chicago, Danville and Vincennes Railroad Co. 82 Ill. 493. In that case the declaration contained a special count on a promissory note and the common counts, and a sworn plea was filed, denying the execution of the note set up in the special count. The plea was stricken from the files and the Supreme Court sustained such action, not upon the ground that the affidavit failed to follow the language of the statute, but that the sworn plea was no defense to the common counts, and as the entire cause of action might have been proved under the common counts, the defense thus presented did not necessarily go further than to affect the character of the evidence admissible in support of the plaintiff's action. The conclusion is fairly deducible from the opinion, that had a sworn plea presented a defense to the entire declaration, it would have been held to be a substantial compliance with the statute. We

think the court erred in striking the pleas from the files, for which error the judgment must be reversed and the cause remanded.

Judgment reversed.