# CASES

# APPELLATE COURTS OF ILLINOIS.

## First District—March Term, 1880.

### Seneca D. Kimbark, Impl'd, etc.
### v.
### James Blundin, use, etc.

1. Practice—Affidavit of merits—Plea of non est factum.—A plea of *non est factum*, duly verified, to an action upon an appeal bond, presents a good defense upon the merits, and the affidavit of the truth of the plea is a sufficient affidavit of merits.

2. Non-resident plaintiff—Security for costs.—The right of the defendant to insist upon security for costs—in the case of a non-resident plaintiff, is not waived by pleading to the action.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed August 5, 1880.

Mr. Robert A. Childs, for appellant; that the sworn plea was a sufficient compliance with statute, as to an affidavit of merits, cited Fergus v. Cleveland Paper Co. 3 Bradwell, 629; Goldin v. Mc Donald, 8 Chicago Legal News, 298; Wadsworth v. Ætna Nat. Bank, 84 Ill. 272; Stuber v. Schack, 83 Ill. 191; McCormick v. Wells, 83 Ill. 239.

As to filing security for costs: Rev. Stat. 1874, 297.

The affidavit of claim and appeal bond do not constitute suf-

(539)

ficient proof whereon to found a judgment: Spangler v. Pugh, 21 Ill. 85; Streeter v. Streeter, 43 Ill. 155.

Messrs. DECKER, FRENCH & DOUGLAS, for appellee; that objection to cost bonds should be made before pleading, cited, Courson v. Browning, 78 Ill. 208.

The plea and affidavit were not a sufficient compliance with the statute; McCord v. Crocker, 83 Ill. 556; Stuber v. Schack, 83 Ill. 191.

The court may require defendant to set out the nature of his defense, on an application to file an affidavit of merits: Wilder v. Arwedson, 80 Ill. 435.

An objection to an instrument offered in evidence must state the objection specifically: Archer v. Claflin, 31 Ill. 307; Thompson v. Hoagland, 65 Ill. 310.

McALLISTER, P. J.   This was an action by Blundin for the use of Sage, brought against the Union Manufacturing Company, as a corporation, and appellant Kimbark. The declaration contained but one count, and that upon an appeal bond. Appellant alone was served, and, in apt time, he filed the plea of *non est factum* in proper form and duly verified by his own affidavit.   Plaintiff's attorney moved the court to strike out the plea from the files for want of an affidavit of merits. While that motion was pending, the defendant, having then, for the first time, ascertained that Sage, for whose use the suit was brought, was a non-resident of the State, and that no security for costs had been given, as required by statute, filed an affidavit showing that Sage was a non-resident at the commencement of the suit, and still continued to be, and that no security for costs had been given.   A motion was thereupon made by defendant that plaintiff be required to give security for costs, as required by statute.   The court granted plaintiff's motion to strike defendant's plea from the files, and entered his default for want of affidavit of merits, and overruled defendant's motion for a rule on plaintiff to give security for costs.   To which exception was duly taken by defendant, and preserved by bill of exceptions.

Kimbark v. Blundin.

The plea of *non est factum* set up a good defense to the action upon the merits, and an affidavit of the truth of that plea was a sufficient affidavit of merits within the meaning of the statute providing for such affidavits. Suppose the defendant had added to his affidavit of the truth of the plea, the further statement that the matter of said plea constitutes a good defense on the merits to the said action. Now that would have been tantamount to a defendant swearing positively to a defense on the merits, instead of stating that he believed he had such defense. But could it add anything to the force and effect of the truth of the matter of the plea, to state in terms that which was a legal result of the fact sworn to? We think not, and that the affidavit of the truth of the plea was a substantial compliance with the statute as to an affidavit of merits. Fergus v. The Cleveland Paper Company, 3 Bradwell, 629. We think the court erred in striking appellant's plea from the files for want of an affidavit of merits. The first section of the statute concerning costs (R. S. 1874, p. 297,) makes it imperative where the person for whose use a suit is brought is a non-resident of the State at the time of its commencement, that security for costs shall be given by the plaintiff before he institutes such suit. Section three declares that if any such action shall be commenced without giving such security, the court, on motion, shall dismiss the same, etc., " unless the security for costs shall be filed within such time as shall be allowed by the court, and when so filed, it shall relate back to the commencement of the suit; the right to require security for costs shall not be waived by any proceeding in the cause."

Under this last clause, the right of the defendant to apply to the court for a rule on plaintiff to give security for costs, was not waived by his having filed his plea. The cause of Courson v. Browning, 78 Ill. 208, is not in point. There the plaintiff had attempted to comply with the statute, and it was claimed that the instrument was defective in form, and it did not appear that plaintiff was a non-resident. There is a marked distinction between a defective bond for costs and a total want of one. This case falling within the first section of the statute requiring security it was error in the court in overruling defend-

ant's motion. For these reasons, the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.