## MARY L. LAMBERT ET AL.
### v.
## FRANCES HYERS ET AL.

*Practice—Reversal of Decree—Defect of Parties—Supplemental Bill—New Decree—Rule to Plead by Day Certain.*

1. Upon the reversal of a decree by this court for defect of parties and the filing of a supplemental bill to cure such defect, a new decree on the merits is necessary.

2. Under a rule to plead by a day fixed, it is sufficient to plead after the day so fixed, if it is done before default is asked.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. C. M. HARDY, for appellants.

Messrs. GEORGE C. CHRISTIAN and C. H. & C. B. WOOD, for appellee.

GARY, J. The former proceedings in this court in this case are shown in 22 Ill. App. 616. In accordance with the opinion there reported a supplemental bill was filed, alleging the death of Beal, and the succession of Christian to the trust, but, unfortunately, it was supposed in the Circuit Court that the cause was remanded solely to bring in the trustee.

The original decree was gone, by the proceedings in this court. The judgment here was that the decree "be reversed, annulled, set aside, and wholly for nothing esteemed, and for the purpose of correcting the error pointed out in the opinion filed therein," the cause was remanded. The opinion filed was not the judgment of this court, but the reasons for the judgment.

The decree now appealed from is only upon that supple-

mental bill, correcting the error of not having the legal estate represented in the cause, and there is now no decree upon the merits.

The cause should have been wholly reheard, and a wholly new decree on the whole case rendered.

It seems to be the practice, approved by the Supreme Court, that under a rule to plead by a day fixed, if it is done after the day, but before default is asked, it is sufficient. "It is the general practice also to consider such plea, answer or demurrer in due time, if filed before the default is asked for." Dunn v. Keegin, 3 Scam. 292. The same rule at law, Castle v. Judson, 17 Ill. 381; Cook v. Forrest, 18 Ill. 581. The case of Flanders v. Whittaker, 13 Ill. 708, to the contrary, is in the minority.

Even if the former decree had not been reversed here, query, whether the mere filing of the supplemental bill did not open it. Gibson v. Rees, 50 Ill. 383.

Because there is no decree upon the merits, and because the answer of the appellants was stricken out, the decree must be reversed, and the cause remanded for further proceedings upon the whole case, with the answer of the appellants reinstated, if they wish it.

*Reversed and remanded.*