## Chicago Stamping Co. v. The Mechanical Rubber Co.

1. PRACTICE—*Failure to File a Plea and Affidavit of Merits.*—Where the plaintiff files an affidavit of its claim in accordance with section 36 of the practice act, it is incumbent on the defendant if he has a defense to the action, to file a plea and an affidavit of merits, and failing to do so, he is in default.

2. SAME—*Continuance for Want of Copy of Account Sued on.*—Where the plaintiff files with his declaration ten days before the commencement of the term, a copy of the account sued on containing the item, "To goods, wares and merchandise sold and delivered, $1,000," if the defendant desires a more specific statement of account, he should

move for such a statement. In such a case a motion for a continuance on the ground that no copy of the account sued on was filed is properly overruled.

3. Same—*Pleading After a Motion for Default.*—After a motion for a default for want of a plea is made, the defendant can not legally plead without leave of court.

Assumpsit, for goods sold and delivered. Trial in the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 12, 1899.

William J. Candlish, attorney for appellant.

Pam, Donnelly & Glennon, attorneys for appellee.

The plaintiff filed with his declaration "a copy of the account on which the action was brought" ten days before the first day of the term. 3 Starr & Curtis' Statutes, 2994, par. 18; Bank of Chicago v. Hull, 74 Ill. 106.

The motion of appellant to continue the cause was based upon the ground that "no" copy of the account was filed. The copy of account filed was an attempt in good faith to comply with the terms of the statute, and was sufficient to avoid a continuance. If the appellant thought the copy of the account was not sufficiently specific, his remedy was by a rule upon the appellee to file a bill of particulars. McCarthey v. Mooney, 41 Ill. 300.

Mr. Justice Adams delivered the opinion of the court.

July 8, 1898, appellee commenced suit in assumpsit against appellant to the July term, 1898, which term commenced July 18th, and at the same time filed its declaration, consisting of the common counts, also what purported to be a copy of the account sued on, and an affidavit, as prescribed by section 36 of the practice act. S. & C. Stat., C 110, Par. 87.

July 20, 1898, the same being the third day of the term, appellant having been duly served, appeared by its attorney and moved the court for a continuance of the cause until the next term of the court, on the alleged ground that no copy of the account sued on had been filed, as provided by

the statute, which motion the court overruled. Thereupon appellee moved the court for a default of appellant for appellant's failure to file a plea and affidavit of merits, when the appellant made a cross-motion for leave to plead. The court granted appellee's motion, overruled appellant's motion, entered an order defaulting appellant, assessed appellee's damages at the sum mentioned in its affidavit of claim, less ten cents, and rendered judgment for that amount against appellant.

The assigned errors are the overruling appellant's motion for a continuance, and the refusal of its motion for leave to plead, and rendering judgment against it by default. There was, as above stated, what purported to be a copy of the account sued on filed with the declaration ten days before the commencement of the term, which contained, among other items, the item: " To goods, wares and merchandise sold and delivered, $1,000." The claim of appellee, as shown by the affidavit filed with the declaration, was for goods, wares and merchandise sold and delivered. The alleged ground of appellant's motion for a continuance being that no copy of the account sued on was filed, the motion was properly overruled. If appellee desired a more specific statement of account, he should have moved for such statement. McCarthey v. Mooney, 41 Ill. 300.

Appellee having filed an affidavit of its claim in accordance with section 36 of the practice act, it was incumbent on appellant, if it had a defense to the action, to file a plea and an affidavit of merits, and having failed so to do, it was in default.

Appellee's motion for judgment by default against appellant having been made before appellant moved for leave to plead, and appellant not having presented to the court any plea or affidavit of merits, but having merely made an unsupported motion for leave to plead, the court was fully warranted in overruling appellant's and granting appellee's motion. It is too late to plead, except by leave of court, after motion for a default. Dunn v. Keegin, 3 Scam. 292, 295.

A copy of the account sued on having been filed, the court was fully justified in considering the motion for a continuance on the alleged ground that such copy had not been filed, was frivolous, and interposed only for delay. Castle et al. v. Judson et al., 17 Ill. 381.

And although appellant might legally have pleaded before a motion for its default was made, without leave of court, it could not afterward without such leave. Ib. 384; Cook v. Forest, 18 Ill. 581.

Whether or not there is any rule of the Superior Court fixing the time to plead does not appear from the record. In the absence of such rule the time to plead was the first day of the term and it was a matter resting in the discretion of the court whether the time should be extended. Culver v. Hyde & Leather Bank, 78 Ill. 625.

Under the circumstances heretofore stated we think there was no abuse of discretion in refusing appellant's motion made on the third day of the term for leave to plead.

The judgment will be affirmed.