## Mary A. Kearney, Appellee, v. The County of Cook, Appellant.

### Gen. No. 19,973.    (Not to be reported in full.)

Appeal from the Circuit court of Cook county; the Hon. DEAN FRANKLIN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed June 29, 1914.

### Statement of the Case.

Action by Mary A. Kearney against County of Cook in assumpsit to recover an amount claimed to be due her for salary during the time she was suspended pending charges made against her by the Civil Service Commission. The declaration consisted of a special count, the common counts and an affidavit of plaintiff that there was due her for salary appropriated $83, etc.

Defendant filed a plea of the general issue and with it an affidavit of the County Attorney stating that he verily believes the defendant had a good defense on the merits to the whole of plaintiff's demand and that the nature of the defense is as follows: That plaintiff on August 20, 1911, was employed by the County under

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

civil service as attendant at Dunning at a salary of $32 per month and board valued by the County Board at $15 per month; that on August 20, 1911, she was suspended; that thereafter charges were preferred to the Civil Service Commission asking for her removal and that on October 13, 1911, the charges were heard and plaintiff reinstated without pay; that at no time between August 20, 1911 and October 13, 1911 did plaintiff offer her services or report for duty; and that immediately upon her suspension the position was filled by appointment from the eligible register and the appropriated salary paid to said appointee. Default was entered against defendant for insufficiency of the affidavit of defense, and the court assessed plaintiff's damages at $83 and entered judgment therefor. To reverse the judgment, defendant appeals.

For other cases holding the decision in this case controlling, see *Duffy v. County of Cook*, p. 437, *post,* and *Hanson v. County of Cook*, p. 439, *post.*

CARL R. CHINDBLOM and WILLIAM F. STRUCKMANN, for appellant.

A. D. GASH, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 10*—*when judgment by default for want of sufficient affidavit of defense improper.* In an action on a contract express or implied for the payment of money where the plaintiff files with the declaration an affidavit of claim and the defendant filed an affidavit of defense with a plea of the general issue, the plaintiff is not entitled to a judgment as by default for want of a sufficient affidavit of defense without first striking the plea from the files.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

2. CIVIL SERVICE, § 30*—*when appointee not entitled to salary during suspension.* In an action by a civil service appointee against a county for salary claimed to be due during a period of suspension on charges made against her to the Civil Service Commission where such charges had been dismissed and she was reinstated to her position, *held* that an affidavit of defense setting up that plaintiff did not render or offer to render any service to the county during such period was a valid defense to the action.

3. CIVIL SERVICE, § 31*—*right of civil service appointee to compensation.* Positions under the Civil Service Act for counties are not mere employments but are in the nature of offices, and the right of compensation grows out of the rendition of services and not out of any contractual relations.