# Fred Barth, Appellee, v. Farmers & Traders Bank, Appellant.

## Gen. No. 20,949.

1. ·JUDGMENT, § 110*—*when entry by default improper.* It is error to enter a default after striking the affidavit of defense without first striking the pleas, proper practice requiring that where the affidavit filed with the plea is stricken, the plea shall be ordered stricken for want of the required affidavit before entering default.

2. CONFLICT OF LAWS, § 15*—*what law governs certificate of deposit.* A certificate of deposit, made in a foreign State by a bank of that State and payable to a payee in that State, is governed by the laws of such foreign State.

3. EVIDENCE, § 7*—*when courts do not take judicial notice of foreign law.* Where an affidavit of defense sets up a defense grounded on the law of a foreign State, where the contract was made and by

the law of which it is governed, it is error to strike the plea or to attempt, prior to the trial, to determine the fact of the law of such foreign State, as the courts do not take judicial notice of the laws of a foreign State, but such laws are questions of fact, to be proved as other facts are proved.

4. APPEAL AND ERROR, § 1034*—*when judicial notice not taken.* The same rule which prevents the trial court from determining the law of a foreign State before proof of such law is made will prevent the Appellate Court from determining such question on appeal from the decision of the trial court.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed November 15, 1915.

JAMES BINGHAM and CASTLE, WILLIAMS, LONG & CASTLE, for appellant.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellee; MITCHELL D. FOLLANSBEE, CLYDE E. SHOREY and JOHN E. GAVIN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an action to recover upon a certificate of deposit issued by the defendant to the Columbia Casualty Company in the sum of $2,500.

The first count of the declaration declares specially upon the certificate of deposit, the second on the common counts. To the declaration was attached an affidavit showing the nature of plaintiff's demand and the amount due him. Defendant filed a plea of nonassumpsit and several special pleas together with an affidavit of defense. By order of the court this affidavit of defense was stricken from the files for insufficiency and leave granted to file an amended affidavit. Subsequently an amended affidavit of defense was filed specifying the nature of the defense, which by order of court was stricken from the files and default entered against defendant for want of an affidavit of defense. Dam-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ages were assessed by the court in the sum of $2,564.17, and judgment entered against the defendant for that amount.

Default of the defendant should not have been entered without first striking the pleas from the files.

*Kearney v. County of Cook*, 187 Ill. App. 435; *McDonnell v. Harter*, 22 Ill. 28; *Filkins v. Byrne*, 72 Ill. 101; *New York Nat. Exch. Bank v. Reed*, 232 Ill. 123; *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516. The proper practice, where the affidavit filed with the plea is stricken from the files, is to order the plea stricken for want of the required affidavit. After this is done it is proper to enter an order of default.

Defendant by its amended affidavit specifies as defenses, among other things, that the certificate sued on is governed by the laws of Indiana; that it is non-negotiable as an inland bill of exchange under the laws of Indiana because it is not payable in a bank in Indiana, not payable at a definite and certain time, and is payable in current funds and not in money; that the certificate is assignable by indorsement under the statute of Indiana, and on such transfer successive purchasers took subject to defenses and equities; that it was *ultra vires* the Columbia Casualty Company to invest its funds in certificates of deposit under the statute of Indiana under which it was organized, and that it was without authority to indorse, discount and deal in same. It is not necessary for the purposes of this opinion to note the other matters of defense appearing in the affidavit.

The certificate of deposit sued on was made in Indiana by a bank of that State, payable to an Indiana corporation in the State of Indiana, and is therefore governed by the laws of that State. There seems to be no controversy as to this proposition. *Evans v. Anderson*, 78 Ill. 558; *Walker v. Lovitt*, 250 Ill. 543.

If the law of Indiana was as claimed by defendant, an adequate defense was presented and defendant was

entitled to go to trial upon the question of fact as to the law of that State. The trial court apparently being of the opinion, after examinations of decisions, that the Indiana law was not as claimed in the affidavit of defense, struck it from the files. In so doing the court committed reversible error. What the law of another State is on a given subject is a question of fact, to be proved as other facts are proved. *Milwaukee & St. P. Ry. Co. v. Smith,* 74 Ill. 197; *Louisville, N. A. & C. Ry. Co. v. Shires,* 108 Ill. 617. In volume 13 Amer. & Eng. Encyc. of Law, page 1058, appears the statement: "It is well settled that the courts of the several States do not take judicial notice of the laws of the other States of the Union, but such laws are matters of fact and must be proved as other facts by introducing evidence thereof." This statement is supported by a very large number of citations of cases from almost every State. See also 46 L. R. A. (N. S.) footnotes 176, also footnotes in 25 L. R. A. 449. In *Marshall v. Coleman,* 187 Ill. 556, 582, the court said: "The laws of foreign countries or other States are facts."

It was just as erroneous for the court to attempt to ascertain the fact as to the Indiana law before evidence thereof was introduced as it would have been to have attempted to determine any other fact set out in the affidavit of merits before evidence of such fact was before the court.

The same rule which inhibits the trial court from determining the law of another State before such law has been introduced in evidence, likewise prevents this court from passing upon the question as to what the law of Indiana is, although this is argued at length by respective counsel. It would be inconsistent with our holding, as above stated, for us to do so.

For the error indicated the judgment is reversed and the cause remanded for trial.

*Reversed and remanded.*