CHICAGO—FIRST DISTRICT—MARCH, 1916.    203

Treadwell v. Central Bank of West Lebanon, 198 Ill. App. 203.

Charles A. Treadwell, Appellee, v. Central Bank of West Lebanon, Warren County, Indiana, Appellant.

### Gen. No. 21,950.

1. PLEADING, § 359*—*when plea of statute of another State should not be stricken summarily from files.* Pleas setting up statutes of another State and the construction thereof by such State do not set up matters of law and may not be summarily eliminated from the record on motion to strike from the files, but like every other question of fact should be permitted to remain as defenses.

2. PLEADING, § 359*—*when striking of pleas and affidavit of merits from files reversible error.* It is reversible error to strike the pleas and affidavits of merits of defendant from the files on motion and to proceed to judgment as in cases of default.

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed March 7, 1916.

JAMES BINGHAM and CASTLE, WILLIAMS, LONG & CASTLE, for appellant.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellee; MITCHELL D. FOLLANSBEE, CLYDE E. SHOREY and JOHN E. GAVIN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action is brought upon three certificates of deposit, of which plaintiff is the holder and owner by indorsement, issued by the defendant bank to Columbia Casualty Company. Among other defenses pleaded were the statutes of the State of Indiana governing negotiable instruments of the nature of the certificates of deposit in suit, together with an affidavit of meritorious defense. An amended affidavit of merits was filed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by leave of court, setting up defenses claimed to inure to defendant in virtue of the statutes of Indiana and the decisions of the Indiana courts construing such statutes. This amended affidavit was on motion of plaintiff stricken from the files, and on like motion the pleas were for want of a sufficient affidavit of merits also stricken, damages were assessed by the court and judgment entered as in default cases, for $496.37, and defendant appeals.

The trial court erred in thus summarily eliminating from the record the defenses interposed by defendant and assuming to construe the statutes of Indiana as matter of law. The Indiana statutes and the construction thereof by the Indiana courts were pleaded as matters of fact, and like every other question of fact the trial judge should have permitted the pleas to remain as defenses and allowed the statutes and decisions of Indiana to be given in evidence thereunder, in the same manner as any other question of fact is proven at law.' After such evidence had been received in the case, then the facts so proven would become questions of law, and the duty of instructing the jury. as to the law under the statutes and decisions of Indiana, so received in evidence, would devolve upon the trial judge. In *Barth v. Farmers & Traders Bank,* 195 Ill. App. 318, it was held to be reversible error to strike the pleas and affidavit of merits of defendant from the case and to proceed to judgment as in cases of default.

For the reasons and under the authorities set forth in this court's opinion in the *Barth* case, *supra,* the judgment of the County Court is reversed and the cause remanded for a trial under the pleas interposed by defendant to plaintiff's declaration.

*Reversed and remanded.*