Lester L. Bauer, Defendant in Error, v. Carl Murray White and Leona H. White (Defendants). Carl Murray White, Plaintiff in Error.

## Gen. No. 24,393.

1. JUDGMENT, § 110*—*what prerequisite to entering default.* It is improper to enter a default against a defendant without first striking his pleas from the files.

2. PLEADING, § 359*—*how sufficiency of pleas tested.* The sufficiency of pleas should be tested in the trial court by motion to strike.

3. PLEADING, § 159*—*what considered as equivalent to affidavit of merits by joint defendants.* In an action on the common counts against two defendants supported by an affidavit of claim alleging joint liability for services rendered at their request, a verified plea by one defendant denying joint liability and by the other also denying joint liability and averring a promise by her alone, both defendants joining in a verified plea alleging an agreement with one of the defendants alone to pay the reasonable value of the services,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that a reasonable amount had been offered and refused and that such defendant was ready and willing to pay the same and brought same into court for that purpose, may be considered equivalent to an affidavit of merits.

4. PLEADING, § 232*—*discretion of court as to allowing amendments or additional pleas.* Where the pleas filed are insufficient, they may be amended or additional pleas filed, within the discretion of the court, upon motion, before default is entered.

Error to the County Court of Cook county; the Hon. HARRY C. STUTTLE, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded. Opinion filed January 27, 1919.

CHARLES R. NAPIER, for plaintiff in error.

LESTER L. BAUER, *pro se;* ROBERT C. BACHRACH, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error the defendant, Carl Murray White, seeks the reversal of a judgment against him and his codefendant, Leona H. White, for $250.

Plaintiff filed a declaration on the common counts, and by his affidavit of claim asserted a joint liability of the defendants for services rendered them at their request. Both defendants appeared, and Carl Murray White filed a plea, verified by affidavit, denying joint liability. Leona H. White also filed a plea denying joint liability, and alleging that the supposed promises in the declaration mentioned were made by her alone; this was also supported by an affidavit. Both defendants joined in and filed a plea setting forth their defense, alleging that Leona H. White had agreed to pay the plaintiff, an attorney, for services what they were reasonably worth, and that a reasonable amount had been offered in payment which had been refused, although Leona H. White was still ready to pay the same and brought the same into court for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that purpose; this plea was also supported by affidavit.    Both defendants also filed a plea of non-assumpsit, which was sworn to.    The next proceeding of record was an order finding that defendants were in default, and the cause proceeded to trial and plaintiff's damages were assessed and judgment entered upon the finding.

It has been held many times under similar circumstances that it is improper to enter the default of a defendant without first striking his pleas from the files. *Barth v. Farmers & Traders Bank,* 195 Ill. App. 318; *Kearney v. County of Cook,* 187 Ill. App. 435.

The sufficiency of the pleas should be tested in the trial court upon motion to strike.

We might suggest that pleas similar to these have been held to be equivalent to an affidavit of merits. *Fergus v. Cleveland Paper Co.,* 3 Ill. App. 629; *Kimbark v. Blundin,* 6 Ill. App. 539.    The reasoning of Mr. Justice McAllister in this latter case is very persuasive.

In any event, as was held in *Chicago Stamping Co. v. Mechanical Rubber Co.,* 83 Ill. App. 230, the pleas filed may be amended or additional pleas filed, within the discretion of the court, upon motion made before default is entered.

For the reasons indicated the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*