## Giles S. Farmer, Trustee, and Security Savings Bank, Appellees, v. Mary E. Fowler, and Frank T. Fowler, Appellants.

### Gen. No. 6,608.

1. EQUITY, § 162*—*when defendant may answer after time set.* A defendant in equity has no right to answer as a matter of course after the expiration of the time set, but before default is taken.

DIBELL, J., dissenting.

2. EQUITY, § 162*—*discretion of court as to permitting answer after time set.* The right to answer in equity after the expiration of the time set, but before default, is in the sound discretion of the court.

DIBELL, J., dissenting.

3. EQUITY—*what proper practice in seeking to have order striking answer set aside.* It is proper for the chancellor to require an affidavit in support of a motion to set aside an order striking an answer, as having been filed too late, and defaulting the defendants.

4. MORTGAGES, § 666*—*when testimony as to attorney fees not incompetent.* The allowance of attorney fees in foreclosure proceedings is not erroneous because a witness testifying had no actual knowledge of the services performed, except as he could judge from the record, where the competency and experience of the witness is unquestioned.

5. MORTGAGES, § 665*—*when excessive attorney fees not disturbed.* Although the Appellate Court is of the opinion that an attorney fee allowed in foreclosure is excessive, it will not be disturbed in the absence of objection by the defendants.

6. APPEAL AND ERROR, § 1568*—*when striking of answer and entry of default without required notice immaterial.* The fact that the court struck an answer and entered a default without notice to the defendants as' required by its rule, is immaterial on appeal,' where the defendants refused to file an affidavit in court on motion to set aside.

7. APPEAL AND ERROR, § 733*—*when chancery record complete.* The difference between the records of common law and chancery courts is noted and the record held to fully present the questions raised in chancery.

8. APPEAL AND ERROR, § 866*—*when abstract defective.* Abstract

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the record *held* defective as being a mere copy of practically the entire record.

Appeal from the Circuit Court of Lake county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed February 8, 1919.

S. H. BLOCK, for appellants; E. V. ORVIS, of counsel.

W. C. UPTON and COOKE, POPE & POPE, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

This is an appeal by the defendants from a decree of foreclosure of a trust deed, regular on its face, duly signed and acknowledged by appellants, husband and wife, and recorded, securing their promissory note for $3,500, payable to themselves, and by them indorsed.

The appellee bank as owner of the note, and its president, Giles S. Farmer, the trustee named in the deed, filed their bill to the March term of the Lake county Circuit Court. Appellants appeared by counsel on the first day of the term and obtained leave to plead within 10 days. Eleven days thereafter they filed an answer denying making the note and trust deed. This denial was in short form with no attempt to explain the situation. Two days thereafter the court, on motion of appellees, struck the answer from the files and entered an order defaulting the defendants and referring the cause to the master in chancery. Two days thereafter, the court denied appellants' motion to set aside these orders and permit the answer to be refiled. Proof was taken by the master and reported, with his findings. Appellants appeared and filed objections to his findings, which he overruled, and appeared before the chancellor with exceptions, which were also overruled, and a decree entered in accordance with the master's report finding $3,019.50, the amount due on the note, and $350, a proper complainants' solicitor's fee, to be taxed as costs.

Appellants did not attempt to show the court why the answer was not filed in time, or that they had a meritorious defense, but stood there, as they do here, on the assumption that having filed their answer before a default was asked, it was legally filed, though a day after the time granted. This is the controlling question in the case. The inquiry is whether an answer can, as matter of course, be filed after the expiration of the time so limited. If it can, there was no reason why appellants should attempt to show the court that they in good faith intended a defense on the merits. If it cannot, it was within the discretion of the court to refuse leave to file an answer, in effect, charging forgery that counsel did not and do not say they intended to offer evidence of. There had been several payments of interest on the indebtedness, and one payment to apply on the principal. A defense that appellants did not make the note or trust deed under the circumstances seems so strange and unusual that in the absence of explanation it might be presumed it was not interposed in good faith.

It was said in *Dunn v. Keegin,* 4 Ill. 292, that the general and correct practice was to consider a pleading filed in time if before motion for default though later than the time limited by an order; and expressions to that effect are found in *Castle v. Judson,* 17 Ill. 381, and *Cook v. Forest,* 18 Ill. 581. Meantime, the court in *Flanders v. Whittaker,* 13 Ill. 707, held that a defendant had no right to plead after the expiration of the rule without special leave of court, and that a pleading so filed might be disregarded. The Appellate Court of the First District, in *Lambert v. Hyers,* 27 Ill. App. 400, noted this apparent conflict in the decisions and concluded that *Flanders v. Whittaker, supra,* was in the minority; but in *Walter Cabinet Co. v. Russell,* 250 Ill. 416, 419, the court approved the rule announced in the *Flanders* case, citing that and other cases. Therefore we think that rule should now be followed, notwithstanding apparent conflict in early

decisions, and that seems to be the rule in other juris-
dictions. 31 Cyc. 247, 597. Appellants, on their mo-
tion to refile the answer, were appealing to the dis-
cretion of the court. *City of Carlyle v. Carlyle Water,
Light & Power Co.,* 140 Ill. 445; *Anderson Transfer
Co. v. Fuller,* 174 Ill. 221. It is said in appellees' brief
that the chancellor told them he would permit the an-
swer to be refiled if they would file an affidavit show-
ing that the defense was offered in good faith. Appel-
lants only answer this statement by saying there is
nothing in the record before us to that effect, which
is true. But it is natural to presume that a court
might make such statement, though under no legal
duty to do it. Appellants were asking a favor instead
of demanding a right, and in a position similar to that
where a party is asking leave to file amendments to
pleadings where the court in the exercise of a sound
discretion must determine whether the party is acting
in good faith and to promote the ends of justice.
Where such motions are contested the party desiring
the favor is ordinarily expected to show some reason
for asking the relief. It is said in 31 Cyc. 374, courts
very generally exercise their discretion by requiring
an explanatory affidavit. The court's action is not
subject to review unless the discretion was abused.
(*Anderson Transfer Co. v. Fuller, supra.*) We do not
think under the circumstances of this case we ought to
reverse the decree on that ground.

Error is assigned on the allowance of $350 solicitor's
fee. The objections and exceptions passed upon by the
master and the chancellor are limited to the fact that
the witness testifying to that sum had no information
as to the work actually done by complainants' solic-
itors except what he could judge from an examination
of the record. There is no question about the compe-
tency of the witness. He had been a master in chan-
cery of that court and was presumably competent to
judge from such knowledge so obtained what would be
a usual and customary fee in that county for work so

indicated. The majority of this court are inclined to the opinion that the fee is excessive, but we cannot know definitely the scale of fees usual in Lake county. There is no argument here that the fee is excessive, and there was no such suggestion below, so far as the record shows, and we ought not to disturb the decree on that ground.

It is argued that the court disregarded one of its rules requiring notice of motions when the answer was stricken from the files. There is much contention of counsel on that question, but it is immaterial. Appellants had their day in court when heard on a request for leave to refile the answer.

Appellees' counsel devote much energy to citing common-law cases on the question of what is in the record proper and what must be preserved by a bill of exceptions without observing that the rule is different in chancery. (4 Corpus Juris, 187; *Treleaven v. Dixon*, 119 Ill. 548; *Flaherty v. McCormick*, 123 Ill. 525; *Waggoner v. Saether*, 267 Ill. 32.) Under the chancery practice the record here fully presents the questions above decided. Appellees also complain that there is no proper abstract of the record, which is true. At first appellants filed little more than a mere index of the record. Then, under leave of court to file an additional abstract, they filed one mostly copied in full from the record without omitting even formal matter, but we have thought best to disregard that omission and examine the case.

Finding no error in the record, the decree is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE DIBELL dissenting.

I dissent from that part of the foregoing opinion which holds that the court properly struck the answer from the files and defaulted the defendants. They had filed their answer after their time to answer had expired but before their application for default had

been made.    The answer was a complete answer to the bill.

In *Dunn v. Keegin,* 4 Ill. (3 Scam.) 292, an order had been entered giving the defendants time to answer until June 1st and it had then been also ordered that if the answer was not filed by that date the bill should be taken as confessed and the default of the defendants entered.    They filed an answer after that date. The court found from the record that the order above recited had been entered upon a stipulation, the effect of which was that if they did not answer by June 1st the bill should be taken as confessed, and on the ground that they were bound by that stipulation it was held they were properly defaulted; but the court there said that the usual and correct practice in the case of an ordinary rule to answer was that it was immaterial whether the answer was filed within the rule, if it was filed before a motion was made for a default.    It was there said that it is the general practice to consider such a pleading as filed in due time if filed before the default is asked for, and that a liberal practice in this respect has generally obtained and is encouraged by the courts.    In *Flanders v. Whittaker,* 13 Ill. 707, where a defendant had filed a demurrer after the expiration of the rule to plead, and the court below had ignored the demurrer, and defaulted the defendant, and entered judgment, that action was sustained, the court saying that the defendant had no right to plead after the expiration of the rule without special leave of court.    In *Castle v. Judson,* 17 Ill. 381, the court (Scates, C. J.) said:  "Under general or special rule days, by the common practice, I have never known a plea rejected or stricken from the files, though filed after the rule expired, if done before any other further step or motion in the cause.  *  *  *  The defendant does not stand in default simply by the expiration of the rule, but may at any time be put in default by the order of the court, if so ordered before plea filed." In *Cook v. Forest,* 18 Ill. 581, a plea had been stricken

from the files because not filed within the time fixed
by law. The court said that the expiration of the rule
does not put the defendant in default, and he may
plead at any time before default is asked, and as the
plea was filed on June 5th, and the defendant did not
move for a default until June 30th, the judgment was
reversed. It would seem that the case of *Flanders v.
Whittaker,* in 13 Ill. 707, must be considered to have
been overruled by the later cases above cited, and it
was so held in *Lambert v. Hyers,* 27 Ill. App. 400,
where it was said that it seems to be the practice, ap-
proved by the Supreme Court, that under a rule to
plead by a day fixed, it is sufficient if it is done after
the day, but before the default is asked. It was held
in *Chicago Stamping Co. v. Mechanical Rubber Co.,*
83 Ill. App. 230, that the appellant could legally have
pleaded without leave of court before a motion for its
default was made, but could not legally do so without
such leave after a motion for default. So far as my
attention is drawn to it, these are the only published
decisions on this precise subject prior to 1911, and so
far as my recollection goes, that is the course which
has been universally followed in the courts with which
I am acquainted.

In 1911, in *Walter Cabinet Co. v. Russell,* 250 Ill.
416, language is used which is relied upon by the ma-
jority opinion in this case. I doubt whether the Su-
preme Court by that language intended to overrule the
practice recognized by the Supreme Court in 1841 in
the first case above cited, and which was never before
questioned except in *Flanders v. Whittaker, supra,* and
which was not followed thereafter but was departed
from in the cases cited from 17 and 18 Ill. when the
question again arose. The *Russell* case, *supra,* was
from the Municipal Court of Chicago, and was gov-
erned by the statutes establishing that court, and by
its rules of practice adopted by it pursuant to such
statutes. There are numerous cases which show the
practice in said Municipal Court differs from that in

ordinary common-law courts of the State, and this is illustrated by a recent decision in *Harmon v. Callahan*, 286 Ill. 59, where the rules of pleading and practice applicable to that case in the Municipal Court were held to be the opposite of those which prevailed in ordinary common-law courts in this State. In the *Russell* case there was a rule of the Municipal Court that in cases of that class a defendant, when he filed his appearance, might file therewith a statement of claim of set-off, and that the court might extend the time for filing it. The defendant there did not file a claim of set-off with his appearance nor did he ask the court to extend the time. There was no rule that he should file a claim of set-off. He was not required to file it at all. He did thereafter file a claim of set-off without leave. The court there held that he had no right to file that claim of set-off at that time, and that neither the court nor plaintiff was bound to recognize it in any way. Three cases are there cited, one of them is *Robb v. Bostwick*, 5 Ill. (4 Scam.) 115, and another is *Davis v. Lang*, 153 Ill. 175. In each of these cases defendant had filed pleas and then afterwards without leave filed another plea, and it was held that this additional plea could not be filed legally without permission. The third case cited in the *Russell* case is *Flanders v. Whittaker, supra*, without any reference to the later cases in 17 and 18 Ill. where *Flanders v. Whittaker* was disregarded and where reasons were given why a defendant might file a plea after the rule had expired, but before an application for default. Notwithstanding the implied approval of *Flanders v. Whittaker* in the *Russell* case, it seems to me more reasonable to assume that it was not intended by the *Russell* case to overrule the practice previously recognized and established by the Supreme Court, and which had been, so far as I am advised, generally followed and recognized in this State for 60 or 70 years after its first announcement in 3 Scammon; but that the *Russell* decision was intended to apply only to practice and

pleading in the Municipal Court of Chicago under the statutes and its rules of practice, and that it was not intended to apply to such a case as this. Therefore I am of opinion that the answer should not have been stricken from the files and the defendants should not have been defaulted.