## Edward Block, Defendant in Error, v. R. T. Brackett and Anton J. Cermak, Bailiff of Municipal Court of Chicago, Plaintiffs in Error.
## Chicago Association of Credit Men, Amicus Curiae.

### Gen. No. 24,919.

1. PARTIES, § 8*—*right of assignee of creditors to sue in own name on judgment note.* The assignee of the claims of a number of creditors had the right to sue in his name upon a judgment note representing the total of such claims.

2. FRAUDULENT CONVEYANCES, § 15*—*when bill of sale invalid under Bulk Sales Law.* The Bulk Sales Law [Call. 1916 Stat. ¶ 10021(1) *et seq.*] will not admit of a construction which would permit a party owning a stock worth many thousand dollars, which had not been paid for, to make a bill of sale reciting merely a nominal consideration, to be held by a third party in escrow, to which alone creditors would have recourse.

3. FRAUDULENT CONVEYANCES, § 15*—*when sale in suspense under Bulk Sales Law.* The provision of the Bulk Sales Law [Call. 1916 Stat. ¶ 10021(1) *et seq.*] declaring in substance sales of a stock of merchandise, etc., fraudulent and void as against creditors, unless the vendee shall in good faith, at least 5 days before the consummation of the sale, receive from the vendor a correct list of his creditors, and at least 5 days before taking possession, and the payment or delivery of the purchase price, deliver notice to such creditors of the proposed purchase, manifestly intended to afford creditors the opportunity of taking such steps with reference to the goods as they might desire, to protect themselves; and during the 5 days the sale is in suspense pending the action of the creditors, and nothing that the vendor or vendee can do will deprive the creditors of their right against the property.

4. FRAUDULENT CONVEYANCES, § 15*—*when holder in escrow of bill of sale not entitled to property as of date of bill.* Where a bill of sale of the stock and fixtures of a paint store was given by the owner for a stated consideration of $350, together with a list of creditors and an affidavit verifying the list and stating that the value did not exceed $400 and was exempt, and where a 5-day notice was sent to the creditors, reciting that the stock, etc., had been purchased by the holder of the bill for $350, and that such sum was held in escrow by a named person and that the notice was given in accord-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ance with the Bulk Sales Law [Call. 1916 Stat. ¶ 10021(1) *et seq.*], the holder of such bill of sale was not entitled to the property as of the date of the bill of sale, and a creditor who obtained judgment within 5 days was not relegated to the amount held in escrow, where the testimony in the trial of the right of property in question tended to show that the property was actually worth about $1,200.

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in this court at the March term, 1919. Reversed and judgment here. Opinion filed June 16, 1919.

HERBERT GREEN, for plaintiffs in error.

MORRIS KOMPEL, for defendant in error.

GILBERT F. WAGNER, for *amicus curiæ*.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Upon a trial of right of property, by the court without a jury, it was awarded to the plaintiff. The property had been levied upon by Anton J. Cermak, as bailiff of the Municipal Court of Chicago, by an execution on a judgment obtained by R. T. Brackett. These defendants say that the award was erroneous, and ask that it be reversed with a judgment in their favor.

On January 4, 1918, one John J. Mehringer owned a paint store on Fullerton avenue in Chicago. On that date he executed a bill of sale of the stock and fixtures to Edward Block, plaintiff here, the consideration named being $350. At the same time Mehringer furnished a list of his creditors and an affidavit as to the list and that the stock and fixtures were worth not to exceed $400 and were claimed by him as exempt. On the same day he delivered possession to Block. Mehringer casts some doubt as to the recitals in these instruments by testifying on the trial that the papers were presented to him and signed by him in blank and

filled in afterwards. On January 5th a notice was sent to each of the creditors appearing upon the list, purporting to be in compliance with section 79 of the "Bulk Sales Law," chapter 121a, Hurd's Rev. St. [Call. 1916 Stat. ¶ 10021(1) *et seq.*]. This notice stated that Edward Block had purchased the stock of merchandise, etc., for the sum of $350, which purchase price was "held in escrow by Aaron Rothstein"; also that this notice was given in accordance with the Bulk Sales Law of Illinois, and that unless claims were made within 5 days from the receipt of the notice, "a sale will be consummated and the money delivered to the vendor." Mehringer, suspecting that this was a plan in fraud of his creditors, notified the Pittsburg Plate Glass Company, his largest creditor. At its request Mehringer called upon the defendant Brackett, who held this claim and the claims of other creditors, for collection, and at Brackett's suggestion Mehringer, on January 9th, issued a judgment note to Brackett for the total amount of all of Mehringer's indebtedness to his merchandise creditors, Brackett having procured assignments to himself of all these claims. On the same day judgment was entered by confession in the Municipal Court, execution issued, and levy upon the property in question was made. This was within the 5 days mentioned in the notice of sale to the creditors. Block, the vendee, filed a proceeding for trial of right of property against Brackett and Cermak, as bailiff, claiming title by reason of the bill of sale from Mehringer to him. It appeared upon the trial that Mehringer had received no part of the purchase money, which was held by Rothstein, a money lender, under whose advice the transaction was carried on.

We know of no good reason why Brackett, the assignee of the claims, could not proceed to collect them in the method which he adopted. Especially is this true where the original holders of the claims assent to this. *City of Carlyle v. Carlyle Water, Light & Power*

*Co.,* 140 Ill. 445. An assignee of a number of claims assigned to him for collection may join them in one suit in his own name. Among the cases so holding are *Briscoe v. Eckley,* 35 Mich. 112; *Henderson v. Detroit & M. Ry. Co.,* 131 Mich. 438; *The Rupert City,* 213 Fed. Rep. 263; *Huddleson v. Polk,* 70 Neb. 483; see also citations in 5 Corpus Juris 994, sec. 199. We hold that Brackett was a proper party to have judgment entered upon the note.

The position of plaintiff is that he is entitled to the property as of the date of the bill of sale, and that the creditors of the vendor are relegated for their claims to the amount of the purchase money, $350, held in escrow by Rothstein. There was evidence tending to show that the property was actually worth about $1,200. It does not need extended consideration to demonstrate that such a construction of the Bulk Sales Law would render it wholly nugatory and a convenient instrument of fraud. This would permit a party owning a stock worth many thousands of dollars, which had not been paid for, to make a bill of sale reciting merely a nominal consideration, to be held by a third party in escrow, to which alone creditors would have recourse. The absurdity of the proposition is self-evident. The Bulk Sales Law, in substance, declares sales of a stock of merchandise, etc., fraudulent and void as against creditors unless the vendee shall in good faith, at least 5 days before the consummation of the sale, receive from the vendor a correct list of his creditors and, at least 5 days before taking possession of the property and the payment or delivery of the purchase price, deliver or cause to be delivered notice to such creditors of the proposed purchase. The manifest intention of this is to afford creditors the opportunity of taking such steps with reference to the stock of goods as they may desire in order to protect themselves. During the 5 days the sale is in suspense pending the action of creditors, and nothing

that the vendor or vendee can do will deprive the creditors of their rights against the property.

In *Johnson Co. v. Beloosky*, 263 Ill. 363, the court suggested, in sustaining the constitutionality of the Bulk Sales Act, that it was passed for the suppression of fraud. This intention will not be defeated by a strained construction of the statute which is also contrary to its unambiguous language.

The judgment of the trial court in awarding the property to plaintiff was clearly erroneous and it will be reversed, and judgment will be entered in this court finding the right of property in the defendants.

*Reversed and judgment here.*