No. 28,267.

A. M. Lemen, *Appellant,* v. L. W. Leffringhouse et al., *Defendants,* J. V. Pratt and E. E. Golden, Garnishees, *Appellees.*

(274 Pac. 215.)

Opinion filed February 9, 1929.

*Robert W. Hemphill,* of Norton, for the appellant.
*E. H. Benson,* of Colby, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This case involves an application of the bulk-sales law (R. S. 58-101). The proceeding is an action by a creditor of the seller against him, and garnishment of the purchasers. The garnishees answered, denying liability. Plaintiff joined issues on

this answer. These issues were tried ·by the court, with the aid of the jury, which answered special questions. Judgment was for defendants. Plaintiff has appealed.

The pertinent facts disclosed by the record and found by the jury may be stated as follows: L. W. Leffringhouse was conducting a retail hardware store at Colby. He had many creditors, including the plaintiff. About November 14, 1925, he sold the stock of hardware, in bulk, and all the fixtures, to J. V. Pratt and F. E. Golden. On that date the purchaser had August Lauterbach, president of the Farmers and Merchants State Bank of Colby, write to many, not all, of the creditors of Leffringhouse, requesting the creditor to mail a statement to the bank "covering L. W. Leffringhouse's entire indebtedness to you. This concern is changing hands." The stock of goods was invoiced November 15 and 16. On the evening of November 16 the plaintiff, who was a traveling salesman, was in Colby and called at the store and there met Golden, whom he had known for several years, and Pratt, to whom he was then introduced. The three visited a few minutes. Plaintiff asked if they had bought Leffringhouse out; they replied that they had. Plaintiff wished them success and expressed the hope that they could give him some of their business. That was about the extent of the conversation concerning the sale of the business. Plaintiff's judgment was that the stock of hardware and fixtures was of the reasonable value of $7,000. At that time Leffringhouse and his wife were indebted to plaintiff on a note given in 1919 for $750, for the purchase price of an automobile, on which payments had been made irregularly from time to time. Plaintiff did not mention this indebtedness to Pratt or Golden during the conversation just mentioned, nor did he take any steps at that time, or soon thereafter, to subject the stock of goods and fixtures to the payment of this debt. A year or more previous to the sale of this stock, plaintiff, in a conversation with Golden, told him of Leffringhouse's indebtedness to plaintiff; but at the time of the conversation of November 16, 1925, Golden did not know that any of that indebtedness still existed. The jury made a specific finding that Golden did not on that date know of any indebtedness of Leffringhouse to plaintiff. On November 23, 1925, Leffringhouse made an affidavit before August Lauterbach in which he says "that he owes to wholesale houses and taxes this date $3,690.83, as per invoices and statements hereto attached." It does not appear that

any "invoices and statements" were attached to this affidavit; perhaps that statement in the affidavit refers to invoices and statements which had been received by the president of the bank in answer to letters he had written November 14. There was attached to, or accompanied, this affidavit a list of names and addresses of persons and firms to whom Leffringhouse was indebted. It was not a complete list of the creditors of Leffringhouse and did not purport to be. And it will be noted that the affidavit did not purport to refer to all of Leffringhouse's creditors. Perhaps it is fair to say that the sum stated in the affidavit was less than half of Leffringhouse's indebtedness and the list omitted many of his creditors. Plaintiff's name was not on the list.

On November 23 the buyers, Pratt and Golden, executed their check to Leffringhouse for $5,467.50 in full payment of the stock of goods and fixtures, as per their contract of purchase and invoice. This check was paid November 24, and out of this money many of the creditors of Leffringhouse were paid—presumably those whose names appeared on the list, and in the aggregate amount stated in the affidavit above mentioned. The balance was paid to the bank to apply on the indebtedness of Leffringhouse to the bank.

On May 13, 1927, this action was brought, with the results as above stated.

Appellant's principal contention is that under the facts as disclosed by the record and found by the jury plaintiff was entitled to judgment in his favor as a matter of law. This contention must be sustained. The statute reads:

"The sale or disposal of any part or the whole of a stock of merchandise or the fixtures pertaining thereto, otherwise than in the ordinary course of his trade or business, shall be void as against the creditors of the seller, unless the purchaser receives from the seller a list of names and addresses of the creditors of the seller certified by the seller under oath to be a complete and accurate list of his creditors and unless the purchaser shall, at least seven days before taking possession of the property, or before paying therefor, notify in person or by registered mail, every creditor whose name and address is stated in said list, or of whom he has knowledge of the proposed sale." (R. S. 58-101.)

There was no serious effort made to comply with this statute. The purchasers never obtained from the seller a complete list of his creditors, or a list that even purported to be complete, and the list that was obtained was furnished November 23, the day the parties

were closing their deal and the check in payment was signed, instead of at least seven days prior thereto. The purchasers had been in possession of the stock since the completion of the invoice, November 16.

In support of the judgment it is argued that the purchasers gave notice to plaintiff in their conversation with him on the evening of November 16, which was in fact seven days before the stock was paid for. But it is clear that the purchasers did not at that time know that the plaintiff was a creditor. The conversation there did not amount to a notice required by the statute, and was not intended to be such.

Appellees lay much stress on the last ten words of the statute above quoted: "or of whom he [the purchaser] has knowledge of the proposed sale." In this respect we understand the argument of appellees to be that since the purchasers had no knowledge of the fact that plaintiff was a creditor of the seller, and the jury specifically found that to be true, that the purchasers were not bound, under the statute, to give him notice. But this language cannot be so interpreted as applied to the facts here, nor should it be interpreted as standing separate and apart from the other provisions of the section. Under this section the creditors to whom notice should be given are all those named in the verified list furnished by the seller, which should, under the statute, be a full and complete list of all of the seller's creditors; and in addition to those named in the list, to those of whom the purchaser has knowledge. In other words, if the purchasers in this case had in fact undertaken to comply with this law in good faith, and had, when they made their contract with the seller on November 14, required him to furnish them a complete list of all of his creditors, duly verified, and if they had given notice to the persons named in that list in the manner the statute provides, then if, in fact, the purchasers knew of a creditor of the seller whose name was not on that list, they were, by the last ten words of this section, required to give notice to such person. But the purchasers in this case were not in that situation. They, in effect, ignored the statute entirely in purchasing this stock of goods, and they are not in position to rely upon the provisions of a statute which they themselves ignored.

The statute says that the sale of a stock of merchandise in bulk shall be void as to the creditors of the seller if the statute is not

complied with. In this case the statute was not complied with. The plaintiff is a creditor of the seller, and the necessary result is that the sale was void as to him.

Appellees further argue that under the facts of this case the plaintiff was estopped from maintaining this action. In *Coleman, Trustee, v. Costello,* 115 Kan. 463, 223 Pac. 289, there was much more upon which to predicate an estoppel than there is in this case, and it was held that any or all of the facts there relied upon did not amount to an estoppel.

The judgment of the court below will be reversed, with directions to enter judgment for the plaintiff.