No. 28,553.

M. E. GARRISON, *Appellee,* v. PAUL CARTER, CALLIE CARTER, THE COMMUNITY INVESTMENT CORPORATION, FRANK D. RALL, HARRY TWYMAN and FRANK TOWNSEND, *Appellants.*

(278 Pac. 51.)

Opinion filed June 8, 1929.

*Benjamin F. Hegler, A. V. Roberts, Roger P. Almond, Charles A. Springer* and *L. M. Walker,* all of Wichita, for appellant the Community Investment Corporation.

*Fred Hinkle,* of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one under the bulk-sales law by the assignee of certain creditors to recover from the seller, purchaser and succeeding purchasers of a stock of merchandise and store·fixtures. The plaintiff prevailed; and the defendants appeal.

The facts are substantially these: On January 4, 1927, Paul Carter, owner of a general store at Zenda, and Callie Carter, his

wife, entered into a contract with the Community Investment Corporation by the terms of which the Carters were to sell and the corporation was to buy the merchandise and fixtures in exchange for certain property in Wichita. An indebtedness of seven hundred dollars due certain of the creditors was assumed by the corporation. The Carters were to furnish all necessary affidavits to meet the requirements of the bulk-sales law. Deeds to the Wichita property and a bill of sale to the store were to be held in escrow for ten days.

Paul Carter made an affidavit listing seven creditors. A bill of sale covering the merchandise and fixtures was executed to J. J. Jones, secretary of the corporation. The corporation executed deeds to the property it was to convey, naming Callie Carter as grantee. The deeds and bill of sale were placed in escrow. Immediately thereafter the corporation, by its secretary, wrote five of the creditors named in the affidavit, advising them of the sale. The same day after the execution of the contract of exchange Jones, as representative of the corporation, took possession of the store and, assisted by the Carters, began a special sale for the purpose of raising the seven hundred dollars to pay the seven named creditors of Carter. This amount was raised and on January 17, 1927, deposited to the credit of Callie Carter and was by her paid to the creditors named in the Carter affidavit. On January 17, 1927, the corporation sold and transferred the remaining merchandise and fixtures to defendant Rall, who subsequently sold and transferred the merchandise to defendant Twyman and the fixtures to defendant Townsend. The original deeds to the Wichita property and the bill of sale remained in escrow.

This action was brought by the plaintiff as assignee of creditors of Carter, most of them not named in the Carter affidavit above mentioned.

The defendants say the only question involved here is whether the bulk-sales statute requires the vendor to retain possession and the vendee to withhold payment in case of a sale, or whether it is sufficient if either one of these conditions is complied with. They contend that the conditions imposed by the statute are disjunctive; that a purchaser of goods in bulk may safely take possession thereof immediately upon coming to an agreement with the vendor as to the terms of sale if he withholds payment until after seven days' notice has been given. The statute reads:

"The sale or disposal of any part or the whole of a stock of merchandise or the fixtures pertaining thereto, otherwise than in the ordinary course of his trade or business, shall be void as against the creditors of the seller, unless the purchaser receives from the seller a list of names and addresses of the creditors of the seller certified by the seller under oath to be a complete and accurate list of his creditors, and unless the purchaser shall, at least seven days before taking possession of the property, or before paying therefor, notify in person or by registered mail, every creditor whose name and address is stated in said list, or of whom he has knowledge, of the proposed sale." (R. S. 58-101.)

The affidavit by the Carters stated that—

"They are the legal owners of one certain stock of merchandise and fixtures, located in the Townsend building, in Zenda, Kingman county, Kansas, upon which they are this day entering into exchange contract with the Community Investment Corporation, of Wichita, Kan., and that the full and complete list of all wholesalers and creditors interested in said stock of goods is to the best of their knowledge and belief as follows: . . . [naming seven]."

The affidavit, in our opinion, failed to comply with the provisions of the quoted statute. It did not purport to be a complete and accurate list and was not so certified. It stated simply "that a full and complete list of all wholesalers and creditors interested in said stock of goods is to the best of their knowledge and belief," etc. It did not positively state in accordance with the requirements of the statute that the list given was a complete and accurate list, but only according to the affiant's "knowledge and belief." We think under the circumstances the investment corporation had no right to rely on the affidavit or to regard the list as complete and accurate. A somewhat similar statement was considered in the recent case of *Lemen v. Leffringhouse,* 127 Kan. 501, 274 Pac. 215, where it was held that the statement was insufficient and not a compliance with the statute.

The letter by the corporation, which was sent to five of the creditors named in the affidavit, was likewise insufficient under the quoted statute. The letter reads:

"The Community Investment Corporation has just become the possessor of the stock of merchandise and fixtures formerly owned by Paul Carter, located in the Townsend building at Zenda, Kingman county, Kansas.

"Please advise us by return mail the amount of merchandise unpaid for which you have on your books against this business, giving dates of invoices, discounts due, when invoices are due, etc., and very greatly oblige. . . ."

The statute provides the kind of notice required and the informa-

tion it must contain—"Notify in person or by registered mail . . . of the proposed sale." The letter mailed by the corporation advised simply that it had become the possessor of the Paul Carter store and requested to be informed of the amount of merchandise unpaid for which the addressee had against the business. This letter contained no advice of a proposed sale or on what day possession would be taken or the purchase price paid or even that a sale had actually been made. It was not sufficient to put a creditor on guard or lead him to infer that he had seven days or any length of time within which he must act to save his claim. Nor was the letter registered as required by the statute. A registered letter suggests its importance. It suggests to a wholesaler at least that a sale in bulk is to be made. In *Lemen v. Leffringhouse,* supra, the creditor was in the store on the evening of the day on which the invoice was taken and saw the purchaser in possession of the store and was advised by the purchaser that he had bought out the debtor. This was held not to be a sufficient notice within the meaning of the statute. We conclude, therefore, that the letter was not a sufficient compliance with the statute.

The defendants argue that by withholding payment until notice has been given, the purpose of the statute is fulfilled; that both retention by the vendor of possession and retention by the vendee of the purchase price is not necessary. That one or the other would be sufficient. We doubt the soundness of this contention. A more reasonable construction of the language of the statute is that the transaction should remain in abeyance for seven days, during which time the creditors may take such action as they desire against the goods; that during the seven days the goods must remain *in statu quo.* What would result if the defendants' contention were put into effect in the instant case would be that plaintiff would be compelled to resort to the property placed by the parties in escrow. Such a result would in our opinion be contrary to the purposes of the statute.

In *Block v. Brackett et al.,* 214 Ill. App. 488, it was said:

"The bulk-sales law will not admit of a construction which would permit a party owning stock worth many thousand dollars, which had not been paid for, to make a bill of sale reciting merely a nominal consideration, to be held by a third party in escrow, to which alone creditors would have recourse.

"The provision of the bulk-sales law declaring in substance sales of a stock of merchandise, etc., fraudulent and void as against creditors unless the

vendee shall in good faith, at least five days before the consummation of the sale, receive from the vendor a correct list of his creditors, and at least five days before taking possession and the payment or delivery of the purchase price deliver notice to such creditors of the proposed purchase, manifestly intended to afford creditors the opportunity of taking such steps with reference to the goods as they might desire to protect themselves; and during the five days the sale is in suspense pending the action of creditors, and nothing that the vendor or vendee can do will deprive the creditors of their right against the property." (Syl. ¶¶ 2, 3.)

Judgment against the defendants, Rall, Twyman and Townsend, for the value and amount of merchandise which they each received was proper. Apparently no attempt was made to comply with the bulk-sales law in the sale to these defendants. The property passed to the Community Investment Corporation subject to the rights of the creditors whose claims are now owned by the plaintiff. The investment corporation could pass no better title to the other defendants than it possessed.

The judgment is affirmed.